## WILLIAM W. WILDY *vs.* MOSES H. BONNEY.

By the provisions of the act of 1821, (Hutch. Code, 670, § 112,) the probate court was empowered to appoint commissioners to make a division of land between the heirs of an intestate, " the metes and bounds of each heir's share to be ascertained" by the commissioners and reported to the court; and the object of the statute was simply to have the partition made to and among all the heirs, ascertaining the share of each of them respectively. *Held*, that no power was given to the court in its commissions to divest the title of any one of the heirs, and to vest it in another heir, so as to pass the legal title. The sole duty was to ascertain the share of each heir.

Private agreements between the parties by which the share of one was to be divested and allotted to another, cannot be regarded as giving to the action of the commissioners the force and effect of divesting the claim of one, and vesting the legal title thereto in another of the heirs.

In error from the circuit court of Yazoo county; Hon. E. G. Henry, judge.

The facts of this case may be found set forth in the opinion of the court, and the points made by counsel. This case was before the court at a former term, (26 Miss. R. 35,) where most of the facts upon which the present trial was had, will be found.

*George S. Yerger,* for appellant.

The plaintiff, Bonney, has been permitted to recover the land without a tittle of testimony to support the verdict. The plaintiff offered in evidence a copy of the deed from Pierce and wife, which, when this case was before this court, this court decided, did not convey Mrs. Pierce's interest; but the court ruled out the evidence, and no exception was taken. He then offered to prove the loss of the original, to let in secondary evidence; the court thought this was insufficient, and ruled it out, to which no exception was taken.

He then proved that Jno. C. Hall died, leaving five heirs; that Mrs. Pierce was one, and that Mr. Pierce, the husband, died in 1844.

He then read in evidence a record from the probate court of

Wildy v. Bonney.

a partition, which, it was alleged, assigned Mrs. Pierce's share to A. C. Hall. He then read a judgment and execution against A. C. Hall, and the sale of Mrs. Pierce's interest under it, and a purchase of it by himself, and relied solely on what is termed the judgment or decree of the probate court, as vesting Mrs. Pierce's title in the said A. C. Hall.

The jury found a verdict for plaintiff; a motion for a new trial was overruled.

1. It is manifest that a new trial ought to have been granted. There is not a tittle of testimony to show that plaintiff had any title whatever.

The record of the probate court does not show that Mrs. Pierce was a party to said division. The bill of exceptions states, "it was proven by the records of the probate court that the commissioners were duly appointed to make partition upon proper application, and that the final order of partition was duly confirmed."

There is not, in the record, any petition or other proceeding showing who were parties. There is nothing in the record to show notice of the division to Mrs. Pierce, nor does it any way appear in said record that she was conversant of its proceedings.

The statute (Hutch. Code, 670), authorizes one or more heirs to apply for a division, so that if one applied for a division, it would be a proper application. The record is, as to Mrs. Pierce, as to the division itself, a nullity.

But when the commissioners, at the instance and upon the mere statement of one of the heirs, who claimed Mrs. Pierce's share, assigned it to him; it is still more apparent that it is illegal.

Here Mrs. Pierce has her right divested, and vested in A. C. Hall, upon his statement that he claimed it. But the record shows that A. C. Hall throughout, was acting for Mrs. Pierce, without any authority from her, so far as proof is concerned.

2. But suppose the partition stands, what then? The commissioners divided the land into five shares, and Mrs. Pierce was assigned by them division No. 2. They then reported that A. C. Hall claimed this share and another, and they assigned

to him his own share and Mrs. Pierce's, and another; being divisions Nos. 1, 2, and 5.

The court rejected this report. They then made the final report, which they say was confirmed. That final report recites the rejection of the first, and then proceeds to state "that A. C. Hall, for himself and Mrs. Pierce;" W. W. Wildy, in right of his wife, and of Wm. Hall, heirs of S. S. Hall; and Robert Maybin, in right of his wife Jane, and of Nancy Ann Hall, heirs of John C. Hall, come before the undersigned commissioners and agree to the following division : —

"Archibald C. Hall agrees to take, for his own share and Mrs. Pierce's, lots Nos. 2, and 5, by being paid $250," &c. The commissioners then proceed and say therefore, in accordance with the wishes of said parties, and make the allotment as above stated.

That is, the commissioners allot to A. C. Hall for his own share and for Mrs. Pierce's share, which he claims, the divisions as before made, namely, Nos. 2 and 5.

The commissioners do not decide, for they had no power, that Mrs. Pierce's share belonged to A. C. Hall. He claimed it and agreed to take it, and her share is allotted to him. But whether he owns it or not, of course will have to be proved by evidence.

The probate court can only divide property among owners. It cannot divest titles. If it assigns the share of one heir to another, it is not evidence of the right of ownership, unless that heir was a party and consented.

Here the whole arrangement and division is made between four, is done by agreement, and one has the share of another who is not a party allotted to him, and this is claimed as evidence of a conveyance of her right. Truly this is a new way of divesting rights and titles.

*Burrus* and *Dougherty*, on the same side.

*George B. Wilkinson* and *R. S. Perkins*, for appellee.

This is the same cause reported in 26 Miss. R. 35, but the general question of title was not then before this court, but

only the proposition of law, raised by the instruction granted to plaintiff in the court below. The facts presented by the record, in short, are these: Hall, the ancestor, died intestate, leaving a tract of land and five heirs, of whom Mrs. Pierce, the wife of Marcus Pierce, was one, and A. C. Hall another. After the death of the ancestor Hall, and before partition of the land descended, A. C. Hall bought of Pierce and wife their interest in the land, and took a deed therefor, which deed was void as to Mrs. Pierce, but was good as to Pierce for his interest, which was an estate for his own life. In Pierce's lifetime, partition by order of the probate court was had of the lands of Hall, the ancestor, among his heirs. And in the record of that partition, the court decreed to " A. C. Hall for his share and Mrs. Pierce's share, lots 2 and 5." Lot 2 was levied on by virtue of an execution emanating upon a judgment against A. C. Hall, and bought by Bonney, the defendant in error; then Wildy, after the death of Marcus Pierce, bought of Mrs. Pierce her interest in the land. The lot 2, is the land now in controversy. And the questions for the court now to determine, are, what interest or legal title A. C. Hall had to lot 2, and what interest Mrs. Pierce had in same lot. At the time of partition Marcus Pierce was alive, and was a regular party, along with his wife, to the partition by order of court. Was the decree of the probate court valid, or void, as to Mrs. Pierce? If it was valid or erroneous merely, the legal title was vested in A. C. Hall, by the decree of partition by the court. If the decree was void as to. Mrs. Pierce, then she clearly could have no legal title in severalty to lot No. 2, but only one fifth undivided interest in all the lands of Hall, the ancestor. In other words, upon the death of Hall, the ancestor, the title to his lands was cast by descent upon his five heirs at law, and Mrs. Pierce was entitled legally to one undivided fifth interest therein. This interest she still has in all the lands of the ancestor, and not in any particular lot, if the decree is void. If not void, then the legal title to her interest is by matter of record vested in A. C. Hall, and her only title is an equitable one, which cannot be made available in an action of ejectment.

60*

*G. L. Potter,* on the same side.

The question in this case relates to the validity of the partition. The probate proceedings show that all the parties in interest were before the court; that the commissioners allotted the lands in controversy to the party under whom Bonney claims, and that their report was confirmed. The mere point then is, What is the effect of those proceedings? If they are not void, they are conclusive of this controversy, and the title of Bonney must prevail.

If we regard the proceedings as had under the old probate act, Hutch. 670, § 112, the matter is clear; it declares that the report returned, approved, and recorded, " shall be conclusive on all parties concerned."

The same result follows if the other acts in relation to partition are considered. Hutch. p. 723, art. 9, § 2; n. p. 611, art. 2.

The 8th section of this act (Hutch. 613) gives the same effect to the acts of the commissioners, as to a division " made on writs of partition, according to the course of the common law."

We therefore insist, that this allotment could not be attacked collaterally.


Mr. Justice HANDY delivered the opinion of the court.

This case has been heretofore before this court, and is reported in 26 Miss. R. 35.

Upon the new trial awarded by that decision, the evidence in support of the title of the lessor of the plaintiff, and upon which a judgment was rendered in his favor, is as follows: —

It appeared that the land in controversy had been purchased from the United States by one William Hall, who died, leaving five heirs at law, of whom two were Archibald C. Hall and Rhoda Pierce, the wife of one Marcus Pierce. The plaintiff then read in evidence a record of proceedings in the probate court of Yazoo county upon an application for the partition of the lands of William Hall amongst his heirs, by which it appears that the commissioners appointed to make partition

thereof made an allotment among the several heirs, and reported the same to the probate court, but that this partition was afterwards set aside. A second report was then made, in which the commissioners state that the three other heirs and " A. C. Hall, for himself and Mrs. Pierce," " came before the undersigned (commissioners), and agree to the following division: Archibald C. Hall agrees to take, for his own share and Mrs. Pierce's, lots number two and five, by being paid by the other parties two hundred and fifty dollars;" and the other heirs agree to take certain specified lots for their respective shares. This report was returned to, and duly confirmed by, the court; and it appeared that the land in controversy was the same as that designated in the commissioners' report as lot number two.

The plaintiff then showed a judgment against Archibald C. Hall, and execution thereon, under which the plaintiff's lessor became the purchaser of the land in controversy; that A. C. Hall was in possession of the premises at the time of that sale; that he claimed title to Mrs. Pierce's share of the lands at the time of the division by the commissioners, and that after the division he took possession of the lots two and five, claiming title thereto.

This being all the evidence in support of the title of the plaintiff's lessor, the first and only question necessary to be considered is, whether it was sufficient to maintain the action, and whether, in that respect, the court below erred in overruling the motion for a new trial.

The title relied upon was claimed through Archibald C. Hall, whose title is claimed to be derived from Mrs. Pierce, and is founded on the partition made by the commissioners appointed by the probate court; and this presents the question, whether the action of these commissioners divested the right and interest of Mrs. Pierce in the lands, and vested the same in Archibald C. Hall. And we are of opinion that it did not.

By the provisions of the act of 1821, Hutch. Dig. 670, § 112, the probate court was empowered to appoint commissioners to make a division of lands between the heirs of an intestate, " the metes and bounds of each heir's share to be ascertained" by

the commissioners and reported to the court. The object of the statute was simply to have partition made to and among all the heirs, ascertaining the share of each of them separately. No power was given to the court or its commissioners to divest the title of any one of the heirs, and to vest it in another heir, so as to pass the legal title. The simple and sole duty was to ascertain the share of each heir. Private agreements between the parties, by which the share of one was to be divested and allotted to another, cannot be regarded as giving to the action of the commissioners the force and effect of divesting the claim of one and vesting the legal title thereto in another. If, therefore, the commissioners' report of partition intended to allot to Archibald C. Hall his own share of the land, as well as that of Mrs. Pierce, by reason of any claim of Hall to Mrs. Pierce's share, such an act was beyond the power of the commissioners. It was their duty to make partition between all the parties entitled, allotting to each one his or her share in severalty; and they had no power to recognize transfers of interest between the parties, and to allot to one party the share to which another was entitled. Such a power, especially if, as in this case, the exercise of it is claimed to have the effect to divest the interest affected, would be dangerous in the extreme, in giving to an unsuitable tribunal the right to act conclusively upon the many important legal questions that would necessarily arise as to the evidence of the transfer and its legal validity.

We think, therefore, that the proceedings of the commissioners did not vest the interest of Mrs. Pierce in Archibald C. Hall, and that such an effect could not be given to them by the order of confirmation of the probate court.

But it is not improbable that it was intended by the commissioners that Archibald C. Hall was acting as the agent of Mrs. Pierce in agreeing "to take for his own share and Mrs. Pierce's lots number two and five," and not in his own right; for the report does not state that he was acting in his own right, and it shows no transfer from Mrs. Pierce to Hall. If it was intended to allot the parcels of the land designated as lots No. 2 and No. 5 to Hall and Mrs. Pierce, giving to each his or her share in his or her own right in severalty, which was the duty

of the commissioners, the report is void for uncertainty; for it does not show to which of these parties either of those lots was allotted and set apart.

Without examining the evidence offered in behalf of the defendant and rejected by the court, we are of opinion that the evidence on the part of the plaintiff was insufficient to sustain the action.

The judgment is therefore reversed, and the cause remanded for a new trial.