WILLIAM W. WILDY v. MOSES H. BONNEY'S LESSEE.

1. INJUNCTION: AGAINST PROCEEDINGS AT LAW: CASE IN JUDGMENT.—The plaintiff's lessor brought an action of ejectment against the husband, to recover possession of the premises in controversy. The wife and another (the husband joining as a formal and necessary party) filed a bill in equity, setting up title to the premises in the wife and her co-complainant; and alleging that certain deeds, held by the plaintiff's lessor, constituted a cloud on their title; and praying that he might be enjoined from setting up any claim of title or possession under them, but making no reference to the ejectment-suit, in their bill. An injunction was granted as prayed for. Thereupon, the Circuit Court, upon motion of the plaintiff, rendered judgment in his favor, in the action of ejectment, without a trial by jury. *Held*, that the judgment was erroneous: 1st. Because the injunction did not affect the ejectment-suit, or enjoin the plaintiff's lessor from proceeding therein, as against the rights of the husband. 2d. Conceding that the injunction did operate on the action of ejectment, then the rendition of the judgment was an improper violation of it; and that the proper course to pursue was to apply to the chancellor to modify the injunction, so as to permit the plaintiff's lessor to establish his title at law.
2. NEW TRIAL: STATUTE, PROHIBITING THE GRANTING OF MORE THAN TWO TO SAME PARTY, CONSTRUED.—The prohibition of the statute (Rev. Code, 505, Art. 165), that "no more than two new trials shall be granted to either party in the same cause," does not apply where there has not been two new trials granted to the same party in the court below. Nor does it apply to cases where special exceptions are taken to the rulings of the court upon questions of law, made during the trial, upon which alone the judgment is reversed in this court, and a *venire de novo* awarded. See *Ray* v. *McCary*, 26 Miss. R. 404; *Garnett* v. *Kirkman*, 33 Miss. R. 389.

ERROR to the Circuit court of Yazoo county. Hon. E. G. Henry, judge.

*R. S. Holt*, for plaintiff in error.

1. It is not true in fact that the plaintiff was enjoined by the defendant and others, from further proceeding at law.

The testimony before the court proved the existence of no injunction of the kind, but only an injunction restraining him from claiming the land under certain specific deeds.

2. The evidence offered in support of the motion, showed that the

defendant had not enjoined the plaintiff from doing anything. He had not asked for or obtained any injunction.

The injunction was granted to and upon the prayer of Laurena Wildy and William Hall alone, and in aid of a bill to vindicate and establish their rights and title only.

3. Even if a general injunction had been granted restraining further proceedings at law, and had been granted to the defendant, the plaintiff could only have proceeded after first having the injunction modified on motion, and could then have only obtained leave to proceed to judgment by trying the case in the ordinary way. 2 John. Ch. R. 140; Freeman's Ch. R. 347.

4. But it will be insisted that if this judgment is reversed, the court should go back, and reverse the judgment granting the last new trial, on the ground that the defendant had already had granted to him two new trials, within the meaning of the statute on the subject.

We do not think that judgment was erroneous on the ground mentioned. But one of the two previous new trials had been granted on account of the action of the jury. The other two were granted in this court, and for errors of the Circuit Court during the progress of the trials. This, the records in this court, and the reported decisions show. The statute cannot, we think, be held applicable to new trials granted thus and on these grounds. It was designed to limit the power of the court to supervise the action of the jury, and not to restrict this court in its power of revising and correcting the errors of inferior courts. Such has been the uniform interpretation put upon the same statute in a neighboring State. 10 Yerger, 495; Meigs R. 166; 4 Haywood's R. 259.

And we understand the decisions of this court on the point, as establishing the same principle.

We think, therefore, in every point of view, the judgment last rendered by the Circuit Court should be reversed, and the cause remanded.

*Burrus* and *Armistead,* on same side.

*Geo. B. Wilkinson,* for defendant in error.

1. As to the point of practice by the court in allowing the plaintiff to proceed to judgment at law.

The general rule is, that where injunction is obtained after declaration delivered, the plaintiff at law may proceed to trial, the injunction only staying execution. 1 Waterman's Eden on Injunction, 3d ed. 95; Barton's Suit in Eq. 48 (in note); Anon. 2 Eq. Ab. 528; Smith's Practice, 610; 3 Dan. 281, 365, and the cases there referred to.

When a party, who is defendant in an action at law, comes into equity for relief, while the action is pending: in such case, he must confess judgment at law, and rely solely on the court of equity for relief. 2 Rob. Practice, 240; *Warwick et al.* v. *Norvell,* 1 Leigh R. 95; Anon. 1 Vern. 120; 1 Madd. Chan. 132. And the relief in equity, after confession of judgment, will be as ample as in ordinary cases. If the injunction bill be sustained, the court may direct that Bonney convey his title to the plaintiff in equity. *Warwick et al* v. *Norvell,* cited above. It is true that in this case, the injunction prayed for was only to enjoin the plaintiff at law from using his title deed, and not to restrain him from prosecuting his suit, but the effort was to force a verdict for defendant, without subjecting themselves to the conditions required by the law.

This the judge who presided at the trial, and who had granted the injunction, refused very properly to permit.

2. But if I should be wrong in this, still, this court will go back to the first error in the judgment.

The court had no power to grant a new trial after the fourth verdict. *Munn* v. *Perkins,* 1 S. & M. 412; *Ray* v. *McCarey,* 26 Miss. Rep. 404; Rev. Code, 505, art. 165.

At common law, courts would not, after two concurring verdicts, grant a new trial generally, unless some rule at law has been violated, although the verdict may have been against evidence, but would do so, if injustice had been done. 1 Gra. & Waterman on New Trials, 541. But our statute altered the rule, and this court in construing it says, in *Ray* v. *McCarey:* "The court had no authority to entertain the third motion. It was unnecessary for him to hear what he was required by the law, under all circumstances, to refuse." And, going on, this court points out the course

to be pursued, if the court below errs as to the law on the trial, the party should at the time except, and make his exceptions part of the record, and then this court, if there be error in the record, will award a *venire de novo;* but he cannot risk a trial as often as he wishes, and then, on a motion for a new trial, avail himself of errors committed during the trial of the cause. After two new trials granted him on his motion, he goes into the third at his peril, and if the verdict is against him, it is final. The court cannot hear the third motion. The Supreme Court of the State of Tennessee seems to have taken a somewhat different view of a statute similar to ours, the cases upon which are quoted in 2 Meigs Dig. 778. I apprehend, however, that this court will adhere to its previous view.

HANDY, J., delivered the opinion of the court.

This case has been here on three previous occasions. After the last decision here, a fourth trial was had in the court below, and a verdict was rendered for the plaintiff, which was set aside on motion of the defendant, and a new trial granted by the Circuit Court. Afterwards, and at a subsequent term, the lessor of the plaintiff moved the court for judgment in his behalf, on the ground that the defendant in the action, with others, had obtained an injunction in chancery, restraining the plaintiff's lessor from further proceedings in this cause: which motion was sustained, and judgment was rendered, without trial before a jury, for the plaintiff's lessor, for the premises in the declaration mentioned. To this proceeding, the defendant excepted, and took his bill of exceptions, by which it appears that the defendant, together with his wife, Laurena Wildy, and William Hall, filed the bill upon which the injunction was granted, alleging that Laurena Wildy and Hall are the owners, and are in possession of the land involved in this action, and that the lessor of the plaintiff claims title to the land under certain deeds, which the bill alleges convey no title, but are clouds upon the title of Mrs. Wildy and Hall; and the bill prayed that Bonney be enjoined from setting up or attempting to enforce any claim of right, title, or possession to the land described in the bill, which is the same, as appears by description, as that sued for in this action; but no reference is made in the bill to this action, nor is any injunc-

tion specially prayed against its prosecution, nor does the injunction restrain the prosecution of this action in terms. It also appears that no right in behalf of William W. Wildy is claimed in the bill, and that he is merely a nominal party, as the husband of Mrs. Wildy, and that no injunction is prayed for by him, or in his behalf.

We think that the court erred in allowing the lessor of the plaintiff to take judgment under these circumstances.

The injunction, as granted, had no effect upon this suit. It did not purport to enjoin the plaintiff's lessor from proceeding therein, so far as the rights or interest of William W. Wildy were concerned. It only restrained the plaintiff's lessor from setting up or attempting to enforce any right or title as against the right and possession of Laurena Wildy and William Hall, who were not parties to this suit. William Ŵ. Wildy is merely a formal party to the bill, and claims no right thereby, nor is any relief sought in his behalf, either in relation to this suit or otherwise.

But if the injunction operated upon this suit, it was clearly a violation of it to proceed in the action. If in its terms or legal effect, it restrained proceedings in the action at law, the proper course was, not to disregard it, but to modify it, so as to allow the plaintiff's lessor to proceed at law; or, if the bill had sought relief upon the ground that the complainant's relief was in equity, and not at law, the liberty should have been reserved to the plaintiff, in granting the injunction, to proceed in his action at law to judgment. *Ham* v. *Schuyler et al.*, 2 John. Ch. 140 ; Freeman's Ch. Rep., 347. But neither of these causes was proper here, because, the right and title set up in the bill, being between different parties from those to the action at law, the relief sought in the bill did not necessarily interfere with the action at law ; and the fact that the injunction had been granted was no valid reason why the plaintiff at law should not establish his title according to the rules of law.

It is, however, insisted, that, notwithstanding this error, the judgment was correct upon the whole record, because, upon the fourth trial, a verdict was rendered for the plaintiff, upon which he should have had judgment; but that it was erroneously set aside and a new trial granted by the court below, there having been three new trials previously granted ; and therefore that the court had no

power to grant another new trial, and that the plaintiff's lessor was entitled to judgment on the fourth verdict.

It appears, by the record, and by the history of this case, as presented by the records of this court, that no new trial was granted in the case, but the one granted after the fourth verdict. When the case was first brought to this court, it was upon exceptions taken to the instructions of the court below, and it was reversed for error in the instructions.    26 Miss. 35.    On its second presentation here, it was reversed, because the evidence in behalf of the plaintiff's lessor was insufficient to support the action.    28 Miss. 710.    And when it was last here, it was brought up and reversed, upon the ground of the improper exclusion of evidence offered in behalf of the defendant on the trial, and to which exclusive exception was taken.

It is not, therefore, a case wherein two new trials have been granted, within the meaning of the statute forbidding the granting of more than two new trials in one cause, on the application of the same party.  Upon the first and third trials, no motion was made for a new trial; but special exceptions were taken to the erroneous rulings of the court upon those trials; and upon those exceptions the case was heard and reversed here.  The statute forbidding more than two new trials to the same party in a cause, had reference to new trials granted in the court below upon the application of the party.  But it does not apply when there have not been two new trials granted to the same party in the court below, or to cases where special exceptions are taken to rulings of the court, upon questions of law, made during the trial, upon which alone the case is brought here, and is reversed and a *venire de novo* awarded.  In such cases, new trials may be awarded, upon reversals of judgments in the same cause, by this court, whenever it appears that the court below has erred upon points decided upon the trial, and to which exception is taken upon the trial in the court below.  *Ray* v. *McCary*, 26 Miss. 404; *Garnett* v. *Kirkman*, 33 Miss. R. 389.

The judgment is reversed, and the cause remanded for further proceedings.