# JANUARY TERM.

## CHARLESTON.

### WATTERSON v. MOORE.

Submitted January 14, 1884—Decided February 4, 1884.

Under the provision of section 15 of chapter 131 of the Code no more than two new trials can be granted to the same party by the court in any civil case of any character tried before it by a jury, although one or all of the verdicts necessitating the new trials was caused by the misdirection or mistakes of the court.

The facts of the case are stated in the opinion of the Court.

*Simpson & Howard* and *W. R. Gunn* for plaintiff in error.

*Tomlinson & Polsley* and *Knight & Couch* for defendants in error.

SNYDER, JUDGE:

Action of *assumpsit* brought in the county court of Mason county in November, 1874, by A. J. Watterson against C. M. Moore, as administrator of Morgan Moore, deceased. There were three trials by jury had in the case, each of which resulted in a verdict for the plaintiff. Two of the verdicts were set aside on the motion of the defendant and new trials granted him. The first and second trials were had in the county court which set aside the verdict in the first and refused to set it aside in the second, and upon a writ of error to the circuit court of Mason county that court reversed the judgment of the county court, set aside the second verdict and awarded the defendant a second new trial. The cause

was retained in the circuit court, another trial had therein and a third verdict returned for the plaintiff, which the defendant, also, moved the court to set aside and grant him a third new trial. This motion the court overruled, assigning as a reason therefor that two new trials had already been granted to the defendant. The defendant excepted and obtained a writ of error to this Court.

Various bills of exceptions appear in the record, and a number of errors are assigned which were argued before this Court; but, in the view we take of the case, it is only necessary to consider, whether the circuit court erred in refusing to grant the defendant a new trial upon the ground that two new trials had already been granted him?

· The solution of this question depends wholly upon the effect and interpretation of our statute, which is as follows:

"In any civil case, the court before which a trial by jury is had, may grant a new trial, unless it be otherwise specially provided. A new trial may be granted, as well where the damages are too small as where they are excessive. Not more than two new trials shall be granted to the same party in the same cause"—Code, ch. 131 § 15.

The plaintiff in error contends that the limitation to two new trials contained in this statute applies only to.causes in which the proceedings are regular and not to mistakes or erroneous rulings of the court producing an erroneous verdict. I do not think the statute can be so confined. It contains no restriction or qualification. Its language is general and of the broadest and most comprehensive character. Its terms are so explicit and unambiguous that no room is left for doubt or construction. It, in effect, declares expressly that in no jury case shall more than two new trials be granted to the same party. Such is, in my opinion, its meaning and only true interpretation. It was the evident purpose and policy of the statute that there should be an end to litigation.

The only possible question that could arise, in any view of the language used in the statute, is that it might be supposed to be doubtful from the connection in which it appears, whether it was not intended to confine the limitation of the number of new trials to cases of trespass. The provision immediately preceding the one declaring that no

more than two new trials shall be granted, having relation alone to cases for damages, it might be supposed to limit new trials in such cases only. But if we look to the origin and history of that provision we will find that no such doubt can exist.

The statute as first enacted was simply that, "not more than two new trials shall be granted to the same party in the same cause"—Code of 1794, chapter 76, section 34. Subsequently in *Jackson* v. *Boast*, 2 Va. Cas. 49, decided in 1816, it was held that, "a new trial could not be granted for smallness of damages in trespass." Soon after this decision the General Assembly passed the act providing, that "new trials may hereafter be granted as well where the damages are manifestly too small, as where they are excessive"—Code 1819, chapter 128, sec. 96. And in the revision of 1849, these several statutes were embraced in one in the language and form in which it now appears in our Code, chapter 131, section 15, hereinbefore copied.

Thus it is shown that the provision, allowing two new trials only, could not have been made as a limitation upon cases for damages and none other; because, the said provision existed before the statute contained any mention of cases for damages. The qualifying provision could not ante-date the clause of the statute it is supposed to qualify. It necessarily follows, then, that the statute was intended to, and in fact does, apply to all jury trials of every character in civil cases. I am, therefore, of opinion that there is no error in the judgment of the circuit court, and that the same must be affirmed with costs and damages according to law.

AFFIRMED.