Knoxville Iron Company *v.* Dobson.

## KNOXVILLE IRON COMPANY *v.* FRANK A. DOBSON.

I. PLEADINGS AND PRACTICE. *Evidence* If one party call for a conversation from one of the interlocutors, the opposing party may call for the same conversation from the other interlocutor, so as to have it fully before the jury, and a general objection would be of no avail if, in fact, the testimony of both witnesses is in substantial accord.

2. SAME. *General objection to testimony.* A general objection to the admission of testimony, if good at all, goes only to substance, and will be of no avail if the evidence be merely irrelevant or innocuous.

3. SAME. *Charge of court. On abstract propositions.* A charge on a particular point, neither required by the pleadings or the facts, is ordinarily a mere abstract proposition for which the court will not reverse, especially if it is the converse of a proposition called for by a position of the party who assigns it as error.

4. SAME. *Statute prohibiting more than two new trials applies to Supreme Court.* The statute which prohibits the granting of more than two new trials at law necessarily applies to the Supreme Court, which only renders the judgment that the court below should have rendered.

### FROM KNOX.

Appeal in error from the Circuit Court of Knox county. S. A. ROGERS, J.

ANDREWS & THORNBURGH for Iron Company.

HENDERSON & JOUROLMON for Dobson.

COOPER, J., delivered the opinion of the court.

Action of Dobson against the Iron Company to recover damages for personal injury while in the employment of the company. The verdict and judgment were in favor of Dobson, and the company appealed in error. The Referees recommend a reversal of the judgment. Both parties have excepted to the report so as to open the whole case.

There have been four trials before a jury in the court below, resulting in each instance in a verdict for the plaintiff, and this is the third appeal in error to this court. The first verdict was set aside by the trial court, the record not showing for what cause. Upon the defendant's appeal from the judgment rendered on the second trial, there was a reversal by this court for error of law in the charge of the trial judge. The opinion then delivered is reported in 7 Lea, 367. Upon the second appeal, the judgment below was reversed upon the express

ground, recited in the entry of this court, that the evidence was not sufficient to sustain the verdict. The present appeal is from the fourth verdict and judgment. After so many trials, all resulting the same way, and three refusals of the trial judge to interfere with the verdict, the error ought to be clear which would justify us in prolonging the litigation. It is to the interest of the parties, as well as to the State, that the strife should terminate.

The main controversy in this case was whether the plaintiff below was, at the time of the injury complained of, an employe of the company or of one Al. Williams, a contractor under the company. Williams had control, under a verbal contract with the company, of several machines for making nails, which were run by power, and with materials furnished by the company. The plaintiff below, then a minor, was engaged at one of these machines, handling and turning, by means of a pair of steel nippers, the sheet of iron from which the nails were clipped by the knives of the machine. While thus employed, the knife burst to pieces, and one of the eyes of the plaintiff was struck by an iron splinter and destroyed. Al. Williams was introduced as a witness by the Iron Company, and was asked, upon his examination in chief, whether he had an interview with the plaintiff's father after the accident, and if so, what was said. The witness answered, in substance, that he did have such an interview on the evening of the accident, and had showed plaintiff's father the condition of the knives and machines, and the father

had expressed himself satisfied that no one was to blame, etc. In rebuttal, the plaintiff introduced his father, and asked him if he remembered the conversation spoken of by Williams. Thereupon, as the bill of exception says, the question was "objected to by defendant, objection overruled, and exception taken." The witness then testifies that he remembers the conversation, and virtually concedes that he might have said what Williams had stated, after the latter had explained the matter his way. The objection is general, and gives no reason why it is made, nor are we able to see any. The reason assigned in argument is, that the conversation was not a part of the *res gestæ,* but this ignores the fact that the defendant had called for the conversation, and the further fact that the testimony being in accord with that of the defendant's witness could not possibly prejudice the defendant.

The defendant introduced as a witness its president, and upon cross examination the plaintiff, without objection, interrogated him about two conversations he had with the plaintiff's father shortly after the accident. When the plaintiff recalled his father in rebuttal, be asked him to state what conversation he had with the president of the company a few days after the accident. This was, says the record, "objected to by defendant, objection overruled by the court, and exception taken by defendant's counsel." The witness answered, stating the facts substantially as they had been detailed by the president himself. The conversations related to the payment of the plain-

Knoxville Iron Company v. Dobson.

tiff's doctor's bill, amounting to $40, which the company refused to pay. The only addition which could be seriously objected to was the statement by the father that if the bill was paid he would never say any thing more about the lawsuit, so far as he was concerned. The objection made at the trial gives no reason why the evidence should be excluded. It is doubtful, as we have heretofore said, whether this form of exception is sufficient to, put the court in error. For it is plainly the duty of counsel to take the judgment of the court on the specific ground of objection then made, so that this court can review it. The contrary practice gives the party an opportunity to state one ground in the court below, which may be properly overruled, and to rely upon an entirely different ground here. And we have expressly held, in a criminal case, that a general objection taken in the trial court to a question, or to the admission or rejection of evidence, if good at all, would only go to substance or competency, not form; and would, therefore, be of no avail in this court where the evidence was merely irrelevant, the question leading, or in some respect improper, especially if, in the latter case, the answer be such as to render the question innocuous: *Miller* v. *State*, 12 Lea, 223. The answer to the question objected to in the case before us was clearly innocuous, because it fully sustained the defendant's own witness in all of its detail of facts, except in the addition quoted. That statement was improperly admitted, and if it had been specially objected to would no doubt have been ex-

cluded.   It was, however, only a proposition as to the father's rights, not as to those of the son, which could not be compromised by the father.   The evidence was not competent to contradict the defendant's witness, the only possible ground upon which it was legally admissible, for the contradiction would have been as to irrelevant matter brought out by the plaintiff's own examination of the defendant's witness: *Rocco* v. *Parczyck*, 9 Lea, 330.   But we do not consider it sufficiently important to justify a reversal.

The charge of the trial judge to the jury, as it is embodied in the bill of exceptions, contains this clause:   "Defendant insists that if the jury shall find from the proof that plaintiff was an employe of the defendant at the time of the injury, still the defendant is not liable, because the injury was occasioned by the negligence and careless act of a co-employe and fellow-servant of plaintiff.   I have already instructed you as to the duties of employers in selecting and employing co-employes and fellow-servants, but I again instruct you, under this position assumed by defendant, that if plaintiff received an injury proximately caused by the negligent acts or conduct of employes in the same department of work, and the defendant, as the master, used ordinary care and diligence in selecting such fellow-servants, and did not know he was reckless and careless, and thereafter kept him in such employment without such knowledge, the plaintiff cannot recover in this action for such injury."   The defendant's counsel does not object to this part of the charge, but he does object to a clause

of the portion of the charge referred to by his Honor when he says: " I have already instructed you as to the duties of employers in selecting fellow-servants," etc. The clause thus excepted to is in strict accord with the language of Judge McFarland, when the case was formerly before us, as reported in 7 Lea, 377. The objection now made is that there was no evidence that the defendant was negligent in employing or retaining in its service any employe with notice or knowledge of his incompetency, and that such evidence, if offered, would have been inadmissible under the declaration. And it is true that the declaration is not based upon the employment or retention of an incompetent servant, nor is there any evidence on the subject. But it is equally clear that from the first trial of this cause down to the present time, the defendant has contended that if the plaintiff was an employe of the defendant, and was injured by a fellow-servant, the defendant would not be liable because he can only be liable in such case if the defendant was negligent in knowingly employing or retaining an incompetent servant by whose fault the injury was occasioned. And the trial judge seems not only to have so charged the law, but to have stated affirmatively that if the master did knowingly employ or retain an incompetent servant, he would be liable. No objection was made to the charge in the court below upon the ground now assumed, nor was any request submitted to his Honor calling his attention to the point now made. And it is obvious that the learned judge has, according to a very prevalent practice, felt it his duty to

charge upon every position assumed by counsel, stating a case hypothetically, first for one side and then for the other. This practice of the circuit judges has compelled us, in order to terminate litigation, to hold that a general charge without facts cannot do any harm. "Very few verdicts," we have said, "would stand if the vague generalities which trial judges feel it their duty to indulge in, so as to cover every possible view which may have been presented in the argument of counsel, were treated as fatal because there were no facts in evidence to sustain them": *Railroad v. Duffield*, 12 Lea, 63, 74. Without either pleadings or proof, the alternative charge objected to was a mere abstraction, while the direct charge was in accord with and demanded by the position of the defendant.

It is next insisted that the circuit court erred in refusing to grant a new trial upon the defendant's motion, the evidence being insufficient to support the verdict. By the Code, sec. 3122, it is provided that: "Not more than two new trials shall be granted to the same party in an action at law, or upon the trial by jury of an issue of fact in equity." This court has uniformly held that the statute was intended to limit the power of the courts over the findings of fact by the jury upon regular proceedings and a correct charge. If the court in the same case has set aside, upon the motion of the same party, the verdicts of two juries, upon the ground that the evidence is not sufficient to sustain them, the power of the court is at an end to grant another new trial

Knoxville Iron Company v. Dobson.

to the same party upon the facts or merits: *Trott v. West,* 10 Yer., 499; *East Tennessee, etc., Railroad Company* v. *Hackney,* 1 Head, 170; *Burton* v. *Gray,* 10 Lea, 580. The statute does not prevent the granting of new trials for errors committed by the court, or for improper conduct which may vitiate the verdict: *Whitemore* v. *Haroldson,* 2 Lea, 313; *Caruthers* v. *Crockett,* 7 Lea, 97. But it has also been held that if a party has already obtained two new trials, it will be error in the trial court, at his instance, to set aside a third verdict against him, unless the record itself shows that the legal ground, which prompted the action of the court on the previous motions, brought it within the exception of the decisions, evidence of the fact *aliunde* being inadmissible: *Turner* v. *Ross,* 1 Hum., 16; *Ferrell* v. *Alder,* 2 Swan, 77. In the case before us the record shows one new trial granted by the circuit court to the defendant, the entry of which does not disclose the ground of the court's action. The record further shows one new trial granted to the defendant by this court expressly upon the merits, without disclosing any other legal grounds. In granting this new trial we rendered the judgment which the circuit court should have given. There have been, therefore, two new trials granted to the Knoxville Iron Company in this case upon the merits, and the circuit court could not legally have granted the company another new trial upon the verdict before us. The statute is in terms imperative, and it is only by the construction put upon it by the courts that it has been restricted to

27—VOL. 15.

new trials on the merits. And the decisions are clearly right which make it the duty of the party seeking the benefit of an exception created by judicial construction to show by the record that he is within it.

But it is insisted that the statute does not apply to this court. The language of the statute is general and prohibitory. And if it had in terms been directed to the trial courts, this court, upon appeals in error, only corrects the errors of the trial court, and renders the judgment which that court should have rendered. We cannot reverse a judgment upon the ground that the court below should have granted a new trial upon the facts, when, as we have repeatedly held, it would have been error in that court to have granted the new trial. The statute thus necessarily includes the appellate court.

Affirm the judgment.