# 𝕸𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊

## SPRIGGS AND OTHERS V. JAMERSON.

### June 12, 1913.

#### Absent, Cardwell, J.

1. NEW TRIAL—*More than Two to Same Party.*—As there is much diversity of opinion in other jurisdictions as to the proper interpretation of the statute declaring that not more than two new trials shall be granted to the same party in the same cause, this court will not undertake to construe it until a case arises in which it is necessary.

2. EJECTMENT—*Identification of Land Sued For—Case at Bar.*—Giving the evidence for the plaintiff in the case at bar, written and oral, all the weight it is entitled to, it cannot be said that it satisfactorily shows that the land which the plaintiff sues to recover is the same that was in the possession of the defendant.

3. EJECTMENT—*Plaintiff's Title—Identity of Land—Defendant's Title.*— Until the plaintiff in ejectment has made out a *prima facie* case for recovery by showing his right to the possession of the land sued for and identifying the same, the defendant is not required to show in what manner or by what title he held or obtained possession, and his failure to do so cannot strengthen the plaintiff's case.

4. APPEAL AND ERROR—*Erroneous Verdict—Record of Former Trial.*— While this court may, for some purposes, look to the record on a former writ of error in the same case, the question of whether or not the verdict of the jury upon the last trial should be set aside because contrary to the evidence can only be determined by a consideration of such evidence as was before the jury.

5. EJECTMENT—*Plaintiff's Title—What to be Proved—Exceptions to Rule.*—Generally, the plaintiff in ejectment must recover solely upon the strength of his own title, and not on the weakness of that of the defendant, and the plaintiff's title must be a legal title. The title to be proved by the plaintiff in order to entitle him to recover, as a general rule, must be either a grant from the Commonwealth, with which he connects himself by a regular chain of title, or he must prove such a state of facts as will warrant the jury in presuming a grant, or as will show adversary

possession for the statutory period under a claim or color of title. While there are exceptions to the rule as well settled as the rule itself, amongst them, that the defendant without title or authority intruded upon the plaintiff or his ancestor who was in peaceable possession of the land when the defendant entered and took possession, the plaintiff in the case at bar has not brought himself within them.

Error to a judgment of the Circuit Court of Buckingham county in an action of ejectment. Judgment for the defendant. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Harrison & Long,* for the plaintiffs in error.

*A. B. Dickinson,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

This is an action of ejectment in which there have been three trials. In each of them there was a verdict for the defendant. The first verdict was set aside, upon the motion of the plaintiffs, by the trial court, whether for errors of law in submitting the case to the jury or because the verdict was not sustained by the evidence, does not appear. The trial court refused, upon motion of the plaintiffs, to set aside the verdict on the second trial, but upon a writ of error to this court its judgment was reversed for errors of law, the verdict set aside and the cause remanded for a new trial. *Cole's Heirs, &c.,* v. *Jamerson,* 112 Va. 311, 317, 71 S. E. 618. Upon such new trial there was a verdict again for the defendant, which the plaintiffs moved to set aside, but the court overruled the motion and entered judgment thereon. To that judgment this writ of error was awarded.

The defendant insists that the trial court had no power

to set aside the verdict rendered on the last trial, and that even if it had, there was no error in the proceedings for which it could have done so.

By section 3392 of the Code it is provided that "not more than two new trials shall be granted to the same party in the same cause." Although the provision quoted has been in force in this State for more than a century (Statutes at Large, New Series, Vol. 1, Ch. 16, sec. 33), it has never been passed upon or construed by this court in any reported case. The same, or substantially the same, provision is in force in a number of the States, and there is much diversity of opinion among them as to its effect. See 2 Thompson on Trials (2nd ed.), sec. 2727, and notes; 29 Cyc. 729-732; 3 Cyc. 457; 14 Ency. Pl. & Pr. 992-995. In some jurisdictions it is held not to restrict the common law right of the courts to grant new trials for errors of law, but only from granting new trials upon the ground that the verdict is not sustained by the evidence. See *Silsbo Lucas,* 53 Ill. 479; *Trott* v. *West,* 10 Yerg. (Tenn.) 499; *Knoxville Iron Co.* v. *Dodson,* 83 Tenn. 409-10, 416-17; *Burton* v. *Brashar,* 3 A. K. Marshall 1130, 1133; *Wildy* v. *Bonney's Admr.,* 35 Miss. 77; *Shirks* v. *Irons,* 47 Ind. 445, 450; *Harrison* v. *Cachelor,* 23 Mo. 117.

In West Virginia it is held that no more than two new trials can be granted to the same party in the same cause, although one or both the verdicts was set aside for misdirection of the court or for errors of law (*Watterson* v. *Moore,* 23 West Va. 404; *Williams* v. *Ewart,* 29 West Va. 659, 2 S. E. 881), and to the same effect were the earlier decisions in the State of Indiana. *Roberts* v. *Robinson,* 22 Ind. 456; *Judah* v. *Trustees,* 23 Ind. 272. There is a like diversity of opinion as to whether the provision in question applies to the trial court alone, or to both the trial and appellate courts. That such statutes do not apply to new trials granted in the appellate court was held

in *Ill. Cent. Ry. Co.* v. *Patterson,* 93 Ill. 290; *Wildy* v. *Bonney's Admr.,* 35 Miss. 77; *Shirks* v. *Irons,* 23 Mich. 197. In Tennessee, Kentucky and Indiana it is held that it applies to appellate courts as well as to the trial court, where the new trial is granted by the appellate court upon the merits or the facts of the case, but not where the judgment is reversed for erroneous rulings of the lower court in the trial of the cause. *Knoxville Iron Co.* v. *Dobson,* 83 Tenn. 409, 416-418; *Burton* v. *Brashear,* 3 A. K. Marshall 1130, 1133; *Shirks* v. *Irons,* 47 Ind. 441, 450.

The constitutionality of the Tennessee statute (which is identical with ours) was attacked in *Louisville, &c., Ry. Co.* v. *Woodson,* 134 U. S. 614, 10 Sup. Ct. 628, 33 L. Ed. 1032, upon the ground that it violated the provisions of the fourteenth amendment to the Constitution of the United States, but its validity was sustained, upon the ground that as construed in that State it did not deprive the courts of the right to set aside more than two verdicts where the ground for setting aside a later verdict was for erroneous rulings of the court in the submission of the case to the jury and not upon the merits. No opinion is expressed in that case as to whether or not the statute would have been held valid if it had been construed to deprive the courts of the right to set aside a third verdict for erroneous rulings of the court as well as upon the merits.

Since there is such a diversity of opinion in other jurisdictions as to the proper interpretation of the statute in question, and as its construction is not absolutely necessary to a disposition of this case, because the action of the trial court in refusing to set aside the third verdict was clearly right upon the merits, this court ought not to undertake to declare the meaning or effect of the statute until a case arises in which its construction is required in order to dispose of the case.

The verdict of the jury in favor of the defendant was based upon the ground, as stated therein, that the evidence failed to identify the land sued for. The will, codicils thereto and conveyances introduced in evidence and relied on by the plaintiffs to show that they had title to the land sued for do not describe the land by metes and bounds, or otherwise, so as to show that it is the land described in the declaration.

The plaintiffs introduced a witness named Mays, who testified "that he was 34 years old and had been acquainted with the land occupied by the defendant for twenty years or more; that he had lived there for about four years with his parents; that they rented the land of J. Monroe Coles; that he had accompanied his father when he went to pay rent, and that it was the very same land now occupied by the defendant; that the defendant had been in possession of the land, he believed, for eight or nine years; that he knew of no other lands in Buckingham county owned by J. Monroe Coles; that he did not know whether Monroe Coles had any deeds to the land or not, or whether Mr. Meem, of Lynchburg, had ever owned the land, nor did he know how many acres were in the tract." This witness (and he was the only witness who testified as to the identity of the land) does not show that the land sued for was the same land as that occupied by the defendant. While he states that his father rented the land which the defendant was in possession of from Monroe Coles, through whom the plaintiffs claim, he testifies that he does not know that Monroe Coles had any conveyance for it, or that Mr. Meem, through whom the plaintiffs claim, ever owned the land in the possession of the defendant. The witness' statement that he knew of no other lands in Buckingham county owned by Monroe Coles does not show that Coles did not own other lands in the county. Neither does the fact agreed, that Monroe Coles did not

by his will devise any land in Buckingham county, show that the land sued for is the same land as that in the possession of the defendant.

Giving the evidence, written and oral, introduced by the plaintiffs all the weight that it is entitled to, it cannot be said that it satisfactorily shows that the land which the plaintiffs sued to recover was the same land that was in possession of the defendant.

It is suggested in argument that the failure of the defendant to state in his grounds of defense under what title he claimed, or that he claimed under any title or claim of right, and his failure to introduce any evidence whatever, shows that he was a mere intruder on the land in his possession, and that these facts should be considered in passing upon the question of the identity of the land.

Until the plaintiffs had made out a *prima facie* case for recovery by showing their right to the possession of the land sued for and identifying the same, the defendant was not required to show in what manner or by what title he obtained or held possession, and his failure to do what he was under no obligation to do could not strengthen the plaintiffs' case. If the evidence in the case, as shown by the record upon the former writ of error, had been before the jury, it may be it would have been sufficient to have identified the land, as the plaintiffs' counsel insists; but while this court may look to that record for some purposes, the question of whether or not the verdict of the jury upon the last trial should be set aside because contrary to the evidence, can only be determined by a consideration of such evidence as was before the jury.

But even if the evidence had been sufficient to identify the land in possession of the defendant as the land described in the declaration, the jury could not rightly have found a verdict in favor of the plaintiffs. · The general rule is that the plaintiff in an action of ejectment must recover

solely upon the strength of his own title, and not on the weakness of that of the defendant, and the plaintiff's title must be a legal title. The title to be proved by the plaintiff in order to entitle him to recover, as a general rule, must either be a grant from the Commonwealth, with which he connects himself by a regular chain of title, or he must prove such a state of facts as will warrant the jury in presuming a grant, or as will show adversary possession for the statutory period under a claim or color of title. *Sulphur Mines Co.* v. *Thompson's Heirs,* 93 Va. 293, 309-10, 25 S. E. 232; *Tapscott* v. *Cobb,* 11 Gratt. (52 Va.) 172, 174; *Va. Mid. R. Co.* v. *Barbour, Rec'r,* 97 Va. 118, 122, 33 S. E. 554.

The plaintiffs made no effort to connect themselves with the Commonwealth, nor did they show such a state of facts as would have justified the jury in finding that they had legal title to the land.

But there are exceptions to the rule as well settled as the rule itself. The exception relied on in this case to take it out of the general rule is that the defendant, without title or authority, intruded upon the plaintiffs or their ancestor, who was in peaceable possession of the land when the defendant entered and took possession. *Tapscott* v. *Cobb, supra.* This contention is not sustained by the record. The evidence does not show that the plaintiffs' ancestor, Monroe Coles, was in the possession of the land when he died; neither does it show that the plaintiffs were ever in possession of it, nor that the defendant had tortiously entered upon it.

Upon the whole case the court is of opinion that there is no error in the judgment complained of and that it should be affirmed.

*Affirmed.*