# CHARLESTON

BENDER v. BIGLEY.

Submitted September 29, 1914.   Decided October 6, 1914.

1. JUSTICES OF THE PEACE—*Right of Appeal—Waiver.*
    The right to an appeal from the judgment of a justice to the circuit court is not waived by the exercise of the privilege of a new trial before the justice, after an adverse verdict of a jury.   (p. 76).

2. SAME—*Appeal—New Trial.*
    Such an appeal is not a new suit within the meaning of sec. 91 of chap. 50 of the Code.   (p. 76).

Error to Circuit Court, Braxton County.

Action by A. Bender against Reed Bigley.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*N. Van Wilson,* for plaintiff in error.

*C. W. Flesher* and *Hall Bros.,* for defendant in error.

POFFENBARGER, JUDGE:

The plaintiff in error here, after two adverse verdicts in an action before a justice of the peace, one in a new trial obtained by him, took an appeal to the circuit court, and that court, on the motion of the plaintiff in the action, dismissed the appeal, under the impression that the defendant's right of litigation had ended with the second trial in the justice's court.

No doubt the legislature could have made the exercise of his privilege of a new trial in the justice's court a waiver, by election, of his right of appeal, but no manifestation of such intent is found in the statute.   Sec. 91 of chap. 50 of the Code, authorizes the justice to grant one new trial to each party.   *Dickey* v. *Smith,* 42 W. Va. 805.   Sec. 163 of chap. 50 of the Code, giving the right of appeal in all cases, when the amount in controversy on the trial exceeds $15.00 exclusive of interest and cost, or the case involves the freedom of a person, the validity of a law or ordinance of any corpora-

tion, or the right of a corporation to levy tolls or taxes, does not except those cases in which new trials have been had before justices, either in express terms or by reasonable or necessary implication. Nor does sec. 15 of chap. 131 of the Code inhibit an appeal under the circumstances of this case. Its subject matter is new trials in courts of record, and it does not relate to proceedings in justice's courts. Nor does it deal primarily with appeals; but, of course, on some appeals, the appellate court enters the decree the lower court should have entered, and therefore, acts in lieu of the trial court. It did so on writs of error to the old county courts, when they had jurisdiction to try civil cases, and sec. 15 of chap. 131 applied in the granting of new trials, on writs of error to, and appeals from, the county courts. But, on appeals from judgments of justices, the procedure is different. The appellate court does not act upon the record of the trial before the justice. The case is tried in the circuit court as if it had not been previously tried. The court never renders the judgment the justice should have rendered. Hence, *Watterson* v. *Moore*, 23 W. Va. 404 and *Williams* v. *Ewart*, 29 W. Va. 659, do not apply.

Moreover, in the old county courts, the trial was by a common law jury, the right to which is guaranteed by the constitution. The jury trial allowed in justice's courts is not such a trial. Denial of an appeal here would be a denial of that right. *Richmond* v. *Henderson*, 48 W. Va. 389; *Vetock* v *Hufford*, decided at this term. Though the right is waived by failure to demand it, there has been no such failure here. The application for the appeal allowed by the statute, in plain terms, is such a demand. Not a word in sec. 15 of chap. 131, says or intimates that the taking of a new trial before a justice shall be deemed a waiver of the right of trial by a jury in a court of record.

To declare and enforce such a limitation would be in clear and palpable violation of the rules of construction. Courts have no warrant in law for addition to, or subtraction from, the terms of a statute. It is for the legislature to declare the limitation of that principle of public policy which frowns upon extension of litigation and prescribe measures for its

enforcement, and the courts have no right to carry it further or prescribe additional measures of enforcement.

The judgment of dismissal was wholly unwarranted and will be reversed, the appeal reinstated and the case remanded for trial.

*Reversed and Remanded.*