Judge Greek'.
The verdict in this case is clearly ins'ufluuenl. in respect to' thfc *107 plea of fully administered. The verdict upon that plea should ascertain the amount of assets in the hands of the Defendant, at the commencement of the suit, and at the time of the plea pleaded, to enable the Court to pronounce the proper Judgment. If, at 1he infititution of the suit, there be outstanding debts of superior dignity, or unsatisfied Judgments, the Defendant must plead them specially, or he cannot avail himself of them upon the general plea of plene udminisiravit, unless he has actually paid them before pleading; in which case, those payments would be embraced in the terms of the plea and issue. So, if assests came to the Defendant’s hands after the commencement of the suit, and before pleading, he would be chargeable in respect to them, in that suit: for, the plea must, allege that there were no assets in the hands of the Defendant to be administered, either at the lime of the commencement of the action, or at any time since; and the Judgment when assets refers to the time of the plea pleaded; so that, as to the assets received after that time, no inquiry can be made in that suit: and upon a Scire Facias upon a Judgment when assets, such assets can be subjected, although received pending the former suit after pleading; and payments made after the same time, to debts of equal or superior dignity to the Plaintiff’s Judgment, would be available as a defence to the Facias. The verdict ought, therefore, to find, not only the amount of assets in the hands of the Defendants at the commencement of the suit, or that they wore sufficient to pay the Plaintiff's demand; but, also the amount in his hands at the time of pleading, or that they were sufficient to pay the Plaintiff’s demand: since the Defendant might have received or duly disbursed assets, or b-.:h, received and disbursed, between the commencement of the aeJon and the time of pleading. If the Defendant is found to have i o ,,‘s hands, assets not sufficient to pay the Plaintiff’s demand, -e of pleading, the Judgment would be for so much of the civ c 1 3 amount of assets in hand, de bonis test a l oris; and for the i - ■ .... ,-f the debt, out of the assets of the ¡.«stater, which came to tin ’ edant’s hands since the plea pleaded, or might thereafter conn- b h.s hands. And as to the costs, the} would depend upon the fte,;, , c t appeared upon the record, whether the Defendant ivas in dofaun. or not. 2 Chitt. Pl. 451; 1 Saund. 336, a., note 10; Booth’s ex’r. v. Armstrong, 2 Wash. 301; Rogers’ adm’r. v. Chandler's admx. 3 Munf. 65.
The verdict in this care finds, that assets sufficient to pa)' the Plaintiff’s demand “hath come” to the Defendant’s hands, without saying when. It might kwe been between the institution oí' 1 he. suit, and the filing of the nka: in which ease, it might añe^ the *108 question of-costs, in some cases, if not ffi.jthis:- or after the plea pleaded, iri which case, they could not Have'been subjected in this suit, and would have been entirely out of the issue. Not does this part of the finding negative the allegation," that the Defendant had fully administered the assets which came to his hands; but, the verdict proceeds further to find, that the Defendant hath not fully administered, without ascertaining how much rerhmned unadministered, at the time of the plea pleaded. If a Judgment tie bonis testaioris were entered on this verdict, such a would not, it is true, bind the Defendant in respect to the cfuatiium of assets, for which he was responsible, in a subsequent action suggesting a devastavit; but, would leave the question "entirely open, as if the issue on that point had not been joined- in- this cause. But, thé Defendant had a right to have that question tried, and finally decided, in this suit; a of which the Court eaniiot him.
For these reasons, the Judgment must be -reversed in toto, th-e verdict set-aside, anda venire de novo awarded.. There is no example of a verdict being set aside as to one?issue,’ Suidsuifered to stand as to others, ahd trying a cause by picee-tbeál. >i - "
The Court purposely avoids deciding the point raised by the Bill of Exceptions; that question being of great importance, and the Court not being full, and it may not occur upon the new trial, or may be presented in another or more distinct form.
. The other Judges concurred, and the Judgment was reversed in to to, the veídict set.aside, and a venire de novo awarded.*

 The Presides! and Judge Coameu, absent,