# Charlestown,

HILLEARY & JOHNSON, *et al. v.* THOMPSON, *et al.*

(Absent, GREEN, PRESIDENT).

Decided September 10, 1877.

1877.
August Term.

1. Any mistake or misunderstanding between the persons conducting a judicial sale, and intended bidders or parties in interest, by which interests are prejudiced without the fault of the injured party or parties, is sufficient cause for refusing confirmation and ordering a re-sale.

2. An auctioneer or crier making a sale cannot properly act for himself, or any other person in bidding for the property.

3. The court in acting upon a report of sale does not exercise an arbitrary, but a sound legal discretion in the interest of fairness and prudence, and with a just regard to the rights of all concerned.

4. Affidavits and depositions, not referred to in any decree or order in a chancery suit, are no part of the record.

5. At a judicial sale, R. became the purchaser of a tract of one hundred acres of land at $26.00 per acre; affidavits in the cause, which were uncontradicted, showed that the land was worth at least $40.00 per acre; there was a misunderstanding, as to whether or not the growing crop on the land was being sold with it; the auctioneer either bid himself, or received sham bids. HELD:

That under these circumstances the sale was invalid and ought not to have been confirmed.

Upon the petition of John A. Thompson, one of the defendants below, an appeal and *supersedeas* were allowed to so much of a decree of the circuit court of Jef-

1877.
August Term.

Hilleary &
Johnson et al.
v.
Thompson et al.

ferson county, rendered on the 16th day of November 1875, in a cause in chancery, in said court then pending, wherein Hilleary & Johnson and others were plaintiffs, and John A. Thompson and others were defendants, as confirmed a sale of one hundred acres of land, made by special commissioners in said cause, and as disposed of the proceeds thereof, and as otherwise related to said sale and the confirmation thereof.

The Hon. John Blair Hoge, Judge of the third judicial circuit, rendered the decree complained of.

JOHNSON, JUDGE, who delivered the opinion of the Court, states the case as follows:

John J. Hilleary and Henry Johnson, partners as Hilleary & Johnson, and John J. Hilleary, William N. C. Wilson and Henry Johnson, partners as Wilson & Johnson, brought a chancery suit in the circuit court of Jefferson county against John A. Thompson, the National Bank of Martinsburg and others, for the purpose of subjecting the real estate of the defendant, John A. Thompson, to the liens thereon, some of which were by deed of trust, but the greater part were judgment liens. The cause was referred to commissioners to ascertain the liens and their priorities, &c. After the commissioners had ascertained the liens and their priorities, and the value and annual rental value of the lands of the defendant, Thompson, a decree was on the 10th day of November 1874, rendered for the sale of the defendant, Thompson's lands. The special commissioners named in the decree offered the property for sale under the terms thereof, on the 23d day of March 1875, and at the sale John W. Roberts, who held a deed of trust on one of the tracts of land of the defendant, Thompson, known as the "new ground" tract, for a considerable sum of money became the purchaser of the said tract, containing one hundred acres, at the price of $26.00 per acre. This was the only tract for which a bid was made at that time. The

commissioners reported their proceedings to the court; and the confirmation of the sale was resisted by defendant, Thompson, on the ground of inadequacy of price; and the court sustained the exception to the report of sale, and refused to confirm the same; and thereupon a decree was again entered directing the same special commissioners to again sell the lands mentioned in the former decree. This they afterwards did; and the same tract of one hundred acres, known as the "new ground" tract was again purchased by the same man at the same price. No offer being made for any of the other tracts of land, they were withdrawn; and the commissioners again reported their proceedings to the court. The report of sale was excepted to, and the confirmation thereof resisted, and a motion made to set aside said sale by the defendant Thompson on the ground of inadequacy of price; and said motion was supported by the affidavits of Boley, Fey, Gordon, Reiley, Showalter and W. E. Anderson, as stated by the decree. All the affidavits save those of Gordon and Anderson relate to the inadequacy of price; one of which says the land was worth $50.00 per acre, and the other three that it was worth at least $40.00 per acre; and no counter affidavits are filed. Other affidavits appear in the printed record, but they are not properly a part thereof, as they are not recognized by any decree in the cause. The affidavit of Gordon shows, that at the time of the sale there was a crop of corn growing on about sixty acres of the land, which was worth about $328.00. The final decree confirming the sale was in this language: "And it appearing to the court from the statement of the special commissioners, that at the sale of said parcel of land nothing was said concerning the landlord's share of the corn crop growing thereon; on consideration thereof the court doth overrule said motion (to set aside the sale), doth confirm said *report* of sale, provided the purchaser, John W. Roberts, will release any claim to the said landlord's share of said crop, to which condition said Roberts consents, &c."

1877.
August Term.

Hilleary &
Johnson *et al.*
v.
Thompson *et al.*

1877.
August Term.

Hilleary &
Johnson et al.
v.
Thompson et al.

And the decree further provides, "It is further ordered that the tenant of said parcel of one hundred acres of land do account to said sheriff (who by the same decree had been substituted for the commissioners who made the sale) for the landlord's share of the crops lately grown on the said land."

It is presumed that the "landlord" referred to was the debtor and defendant, John A. Thompson.

The affidavit of W. E. Anderson, which was also read by the court in connection with said motion, shows that he was the auctioneer who cried the said sale for said commissioners, and in said affidavit he says, " that for the tract of land, known in the proceedings in said cause as ' the new ground' tract, and which was knocked down to J. W. Roberts, there was no competing bidding for the said tract, for several bids anterior to that at which the sale was made to the said Roberts at $26.00 per acre. The defendant filed his petition for an appeal from and *supersedeas* to said decree; and the following order was made by one of the judges of this Court in vacation, in which he limits the appeal and *supersedeas*, as follows : "I do hereby grant and allow to the petitioner, John A. Thompson, an appeal and *supersedeas* to so much only of the decree of the circuit court of the county of Jefferson, rendered in the cause in said petition mentioned on the 16th day of November 1875, as confirms the sale of the one hundred acres of land made by special commissioners, Wm. H. Travers, Geo. Baylor and Joseph Trapnell, to John W. Roberts at the price of $26.00 per acre, and as disposes of the proceeds of the sale thereof, and as otherwise relates to said sale and confirmation."

*Wm. H. Travers*, for appellant, referred to the following authorities :

*Kyle* v. *Tait's adm'r*, 6 Gratt. 44; *Pecks* v. *Chambers*, 8 W. Va. 216; *Brock* v. *Rice*, 27 Gratt. 815; Rorer on Judicial Sales, 44, 57; *Kable* v. *Mitchell*, 9 W. Va. 492; *Blossom* v. *Railroad Co.*, 3 Wall. 196.

*Baylor & Wilson,* for appellees, referred to the following authorities:

1877.
August Term.

Hilleary &
Johnson *et al.*
v.
Thompson *et al.*

*Crawford* v. *Weller,* 23 Gratt. 836, as explanatory of *Kyle* v. *Tait's adm'r* in 6 Gratt.; *Poague* v. *Greenlee's adm'r,* 22 Gratt. 724; *Carr* v. *Carr,* 22 Gratt. 168; *Sinnett* v. *Cralle,* 4 W. Va. 601.

JOHNSON, JUDGE:

A number of objections were made to the confirmation of the sale, which appear upon the face of the record and will be considered in the following order:

*First.* That different impressions existed at the sale as to what was really offered, whether the land alone, or the land with the growing crop thereon, no announcement being at the time made by the commissioners whether, or not, the landlord's share of the growing crop of corn on the land was, or was not, to be included in the sale.

*Second.* That the auctioneer himself bid upon the land; or that there was no *competing* bidding for several bids before the sale was closed.

*Third.* That the confirmation of the sale was by the court made conditional upon the purchaser surrendering any claim to the landlord's share of the crop of corn on the land.

*Fourth.* That the price for which the land sold was inadequate.

As to the first ground, whether the objection is good or bad, depends upon whether the fairness of the sale was thereby interfered with. Any mistake or misunderstanding between the persons conducting the sale and intended bidders or parties in interest, and any accident, fraud or other circumstance, by which interests are prejudiced, without the fault of the injured party or parties, will be deemed sufficient cause for refusing confirmation, and ordering a re-sale. Rorer on Judicial Sales, 57. It is true, that when land is sold with a crop growing upon it, the purchaser takes the crop at the purchase, unless it

1877.
August Term.

Hilleary &
Johnson *et al.*
v.
Thompson *et al.*

is excepted. But the very fact that it may be excepted, makes it the duty of the commissioners who make the sale, to in some way indicate whether or not it will be sold with the land. In this case, as the decree shows, nothing was said by the commissioners, at the time of the sale or before, as to whether or not the growing crop would be reserved; and we may infer from the decree that the purchaser claimed that he bought it, as the court, before it confirmed the sale required the purchaser to relinquish any claim to the growing crop. There seems to have been a misunderstanding at the sale, as to whether the growing crop was excepted; and that fact would directly tend to interfere with a proper competition among the bidders.

The second objection is that the auctioneer himself bid on the land; or that there was no *competing* bidding for several bids before the sale was made.

The auctioneer in his affidavit, says: "There was no *competing* bidding for the said tract for several bids anterior to that at which the sale was made to the said Roberts at $26.00 per acre." If there was no competing bidding, there was "sham" bidding, either by the auctioneer himself, or some one with his knowledge.

An auctioneer or crier making a sale cannot properly act for himself or any other person, in bidding for the property. *Brock* v. *Rice et al.*, 27 Gratt. 812. It was manifestly improper for the auctioneer to receive any but real bids. It may be said that the debtor cannot complain of this, as he received a higher bid thereby. How do we know that? If the bystanders, saw that the auctionee rwas conducting the sale for himself and bidder too; that he was crying bids that were not made; it would not be likely that they would bid at all; the direct result of such a course would be to discourage bidding. When men attend a judicial sale, they expect fair and open competition; and if they discover that the bids are not of that character, they will be apt to refuse to bid at all; and that would surely be to the prejudice of the debtor.

1877.
August Term.

Hilleary &
Johnson et al.
v.
Thompson et al.

The third objection is, that the confirmation of the sale was made conditional upon the purchaser surrendering any claim to the landlord's share of the growing crop.

If the sale had been in all other respects fair, this would be an error, of which Roberts could have made just complaint; but in that case, would not be an error to the prejudice of the debtor, as it would make the land bring more money.

The fourth and last objection is, that the price for which the land sold was inadequate. There has been much discussion by the courts as to when a court will set aside a sale on the ground of inadequacy of price. I shall not discuss that question here, or review the authorities. The rule has been settled in our state by this Court after a review of many of the cases. In *Kable* v. *Mitchell*, 9 W. Va., 492, Judge Haymond says : " I think it is clear, from the authorities I have cited, that a sale by commissioners, made under a decree of a court of equity, is not an absolute sale in Virginia or in this state, and that it does not become absolute, until the sale is confirmed by the court; that the court may in the exercise of a sound discretion either affirm or set aside the sale, or direct the biddings to be re-opened, where from the facts and evidence and circumstances before it, it appears clearly that the sale was made at a greatly inadequate price ; that the court may solve and determine this question upon affidavits or depositions in connection with the fact that a greatly larger price is offered to the court for the land, and secured, or offered to be secured, as was done in this case by Mitchell, who made the offer ; or it may be done by any evidence or fact or facts before it, which clearly shows that the land sold at a greatly less price than it was worth. In this cause were four affidavits read by the court, as the decree shows, on the hearing of the motion to set aside the sale on the ground that the price was inadequate. There are a number more affidavits and depositions accompanying the record to the same point, which are no

1877.
August Term.

Hilleary &
Johnson et al.
v.
Thompson et al.

part of the record, as they are not referred to in any decree or order entered in the cause. The affidavits read, all show that the land was worth not less than $40.00 per acre, and one that it was worth $50.00 per acre. No counter affidavits were taken; so it appears that the land sold for only about two-thirds of its value. It is true the land had once before been exposed for sale, and was sold at precisely the same price; and this fact is much relied on by counsel for appellee, Roberts, who seems anxious to have the land at the price he bought it, to show that the land sold for what it was reasonably worth. It will be observed from the facts in this case, that at both sales the other lands in the decree ordered to be sold were withdrawn for want of bidders. Will it be argued that those lands are worth nothing, because no one at either sale would bid on them?

Under all the circumstances of this case; the misunderstanding at the sale, the conduct of the auctioneer, and the inadequacy of the price bid for the land, when we take into consideration that a court, in acting upon a report of sale, does not exercise an arbitrary but a sound legal discretion in the interests of fairness and prudence and with a just regard to the rights of all concerned, we think the court erred in confirming said sale. We do not undertake to say how many times a sale should be set aside for inadequacy of price. After a reasonable number of times having been exposed to a fair sale, we will not undertake to say that the failure to obtain a better price might outweigh other evidence as to the price of the land being inadequate.

For the foregoing reasons so much of the decree of the circuit court of Jefferson county rendered in this cause, on the 16th day of November 1875, as confirms the sale made by the commissioners, Travers, Baylor and Trapnell, to John W. Roberts at $26.00 per acre, and as disposes of the proceeds of the sale thereof, and as otherwise relates to said sale and confirmation, is reversed, with costs to the appellant; and said report of sale is disaffirmed and the

1877.
August Term.

Hilleary &
Johnson *et al.*
v.
Thompson *et al.*

sale set aside; and this cause is remanded to the circuit court of Jefferson county, with instructions to order a re-sale of said property, unless the defendant pay the debts charged upon it in such reasonable time as the court may direct; and for further proceedings to be had therein, according to the principles of this opinion, and the rules governing courts of equity.

DECREE REVERSED and cause remanded.