# WHEELING.

## SMITH v. TOWNSEND.

Submitted June 20, 1882—Decided April 14, 1883.

(*WOODS, JUDGE, Absent.)

1. A plea of *nil debet* in an action of *indebitatus assumpsit* is cured by a verdict and will be treated in the Appellate Court, as if it had been a plea of *nonassumpsit*. (p. 495.)

2. If no account of payments is filed with a plea of payment, under § 4 ch. 126 of Code of W. Va. no proof can be given by the defendant of any partial payments; but if without objection on the part of the plaintiff the defendant does prove such partial payments, the jury may properly consider such proof and base their verdict upon it. (p. 495.)

3. A simple statement of the facts in a case, though signed by the judge, is no part of the record, if not made so by an entry on the record-book or by its being incorporated in and in some manner made part of a bill of exceptions, which is made a part of the record by an entry on the record-book. (p. 493.)

4. An appellate court can not set aside a verdict and award a new trial, which the court below refused, if there be in the case sufficient evidence to justify the verdict after rejecting all parol evidence in conflict with such evidence, and which was offered by the party, against whom the verdict was rendered. (p. 494.)

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Pleasants, rendered on the 26th day of November, 1879, on a *supersedeas* to a judgment of the county court of said county, wherein C. P. Smith was plaintiff in error and J. B. Townsend was defendant in error, allowed upon the petition of said Townsend.

Hon. James M. Jackson, judge of the fifth judicial circuit, rendered the judgment complained of.

GREEN, JUDGE, furnishes the following statement of the case:

---

*Cause submitted before Judge W. took his seat on the bench.

On August 2, 1879, C. P. Smith brought his action of *assumpsit* against J. B. Townsend in the county court of Pleasants. The controversy had its origin in the following transactions: " The plaintiff, C. P. Smith, had placed in the hands of the defendant, J. B. Townsend, an attorney-at-law, for collection a bond of Oliver Gorrell and two others, sureties, payable to the plaintiff. The bond was for seven hundred and seventy-five dollars and bore interest from 27th of May, 1872. Townsend brought suit on it in the name of Smith and obtained a judgment for the full amount. Execution was issued on it, and a forthcoming bond was given, which was for some reason not stated in the record quashed by the court; and the costs attending this were nine dollars and twenty cents, which were paid by Townsend for the plaintiff against whom was the judgment for costs. Another execution was issued on this judgment; and Gorrell obtained an injunction enjoining the enforcement thereof. It does not appear, what were the allegations of the bill of injunction in other respects, but it claimed an offset due from Smith to Gorrell of sixty-four dollars and thirty-eight cents. It does not appear, when this offset became due, or from what time it bore interest properly, or its character.

On June 16, 1876, Gorrell and Smith entered into a written agreement as a compromise of their difficulties. By this compromise this offset of sixty-four dollars and thirty-eight cents was allowed and directed to be credited on Smith's judgment against Gorrell; and Gorrell agreed to abandon all other defenses and objections set up in his bill of injunction, and to pay all the costs of the injunction suit except the fee taxable to Smith's attorney, and to pay to Smith then, which he did, twenty-five dollars on his judgment; and Smith agreed to stay executions for the balance till May 1, 1877. Townsend subsequently collected the balance of this claim of Gorrell; and in so doing he credited this claim by Gorrell's offset of sixty-four dollars and thirty-eight cents as of May 27, 1872, which was the date of Gorrell's bond to Smith.

On the 8th day of July, 1878, Townsend made out for Smith a written statement of these transactions including in it a credit of three hundred dollars cash paid to Smith by Townsend.

The following is a copy of this statement:

"C. P. SMITH.
*vs.*
OLIVER GORRELL AND OTHERS.

| | | |
|---|---:|---:|
| Debt...................................................................... | $775 | 00–100 |
| Interest from 27th May, 1872, to 8th July, 1878..... | 280 | 42 |
|     Debt and interest..................................... | $1055 | 42 |

CREDITS.

| | | | | |
|---|---:|---:|---:|---:|
| Account equal with note.................................$ | 64 | 38 | | |
| Equal interest of note....................................... | 23 | 50 | | |
| Injunction attorney fee paid you........................ | 25 | 00 | | |
| Interest 16 June, 1876, to 8 July, 1878................. | 3 | 91 | | |
| Cash paid you by me........................................ | 300 | 00 | | |
| Interest 8th Feb. to 8 July, 1877......................... | 7 | 50 | | |
| Commission on entire debt................................. | 21 | 10 | | |
| Injunction attorney fee, "open"........................... | 25 | 00 | | |
| Costs in quashing f. c. bond............................... | 9 | 20 | | |
| Order to you from O. Gorrell.............................. | 1 | 59 | | |
| Charges on check paid Morgan, cl'k..................... | | 25 | | |
| | | | $ 481 | 43 |
| | | | $573 | 99" |

This statement was not, however, delivered to Smith then, but on August 1, 1878, when they finally settled. By it there was a balance due from Townsend to Smith of five hundred and seventy-three dollars and ninety-nine cents, which Townsend paid to him in cash on August 1, 1878, delivering to him at the same time the above statement and taking from him a receipt in full. The commission charged in this statement was 2 *per cent.*, the amount which Townsend had agreed to charge, when this claim against Gorrell was placed in his hands for collection and Townsend says, that Smith examined this statement and said, it was all right, and after he had examined, signed the receipt in full; that the receipt was also read to him before he signed it; that he Townsend told Smith, he charged him twenty-five dollars for defending the chancery suit, to which he did not object, and Smith likewise told him to charge to him, Smith, the nine dollars and twenty cents costs, which Townsend paid for him, when the forthcoming bond was quashed by the court. These items appeared among the credits in this statement furnished by Townsend to Smith. When this settle-

ment was made Townsend took up from Smith the receipt which he had given him for the collection of this bond of Gorrell and others.

Smith says, he did not read this statement made out by Townsend, but simply asked if it was all right, and Townsend said it was all right, and presented the receipt, which he signed on Townsend saying, that, if there was anything wrong, he would make it right. He took this statement home and, when he had examined it, concluded he was wronged by it. But Townsend would make none of the corrections, which he demanded, except that on April 23, 1879, he paid Smith's wife for him three dollars and eighty cents, error in calculation of interest. And in the following August he brought this suit.

The declaration, after it had been demurred to, was amended, and in its amended form states, that the defendant, Townsend, was indebted in 1878 to the plaintiff, Smith, in the sum of one thousand dollars, collected from Oliver Gorrell and his sureties for this plaintiff, and in a like sum for money had and received by the defendant for the use of the plaintiff, and for the like sum on money found due from the defendant to the plaintiff on an account stated, which seems he promised to pay less two *per cent.* for the collection, yet he has refused to except three hundred dollars paid February 8, 1878, also five hundred and seventy-three dollars and ninety-nine cents paid July 8, 1878, and three dollars and eighty-six cents paid as of like date, making in all eight hundred and seventy-seven dollars and seventy-five cents, leaving a balance due the plaintiff of one hundred and twenty-two dollars and twenty-five cents to the plaintiff's damage, one thousand dollars. No bill of particulars was filed with this declaration.

A plea in abatement was filed and demurred to, and the demurrer was sustained. The order-book of the next term has on it this entry in this case: "And thereupon the defendant for plea saith, he does not owe and has well and truly paid the debt in the declaration mentioned, and he filed a plea in writing of accord and satisfaction." This written plea states, that the plaintiff's demand has been fully paid off and discharged by payments made to the plaintiff on

August 1, 1878, and on April 23, 1879, amounting in the aggregate to one thousand and fifty-nine dollars and twenty-eight cents, which were received by the plaintiff in full satisfaction of the debt, interest and costs in the declaration mentioned. And for a further plea he said, he had paid the debt by accord and satisfaction and by payment in full and receipts taken by him, the defendant, in full of the plaintiff's demand. To all these pleas general replications were filed and issue joined on them. No bill of particulars or account of payments was filed by the defendant with any of his pleas.

The jury was sworn to try these issues, and on September 16, 1879, found a verdict for the defendant. A new trial was asked for, because the verdict was contrary to the evidence; and on the 19th of September, 1879, it was refused, and judgment was entered in favor of the defendant against the plaintiff for his costs. A bill of exceptions was taken to this action of the court, in which bill of exceptions, it is claimed, the court certified all the facts proven before the jury. It also signed and made a part of the record another bill of exceptions of the plaintiff for permitting testimony, which he deemed improper, to go to the jury. The facts proven at the trial, if we can regard them as a part of the record, were all those, which, we have stated, constituted the transaction, out of which this controversy arose. No witnesses were examined except the plaintiff and the defendant; and their testimony has already been stated. The only objection made by the plaintiff to the admission of any of the parol testimony was, that Townsend was permitted to say to the jury in speaking of the compromise between Smith and Gorrell made in his presence and reduced to writing, that "he understood that Gorrell was to be allowed interest on said sixty-four dollars and thirty-eight cents as of the date of Gorrell's note, and he had accordingly so allowed it in the settlement with Gorrell." This was objected to as changing the written agreement and calculated to mislead the jury. The written agreement was, that Smith "agreed to give Gorrell credit for the sum of sixty-four dollars and thirty-eight cents, the amount of said Gorrell's *off-sets* as filed by him against said Smith, and nothing more, completing all outstanding charges of said Gorrell against Smith to date."

This agreement was dated June 16, 1879; and Gorrell's note or bond bore date May 27, 1872. Smith stated, that he never agreed to any of the credits named in the paper, which Townsend had promised him, except the first credit, sixty-four dollars and thirty-eight cents, but not the interest thereon, twenty-three dollars and fifty cents, the third credit of twenty-five dollars paid by Gorrell to Smith, which was right and the interest thereon, the three hundred dollars cash paid him by Townsend February 8, 1877, and the interest thereon. The commission was right, twenty-one dollars and ten cents. The attorney's fee in the injunction suit, twenty-five dollars, he never agreed to, nor the costs in quashing the forthcoming bond, nine dollars and twenty cents. The order of Gorrell, one dollar and fifty-nine cents, he admitted was correct, and the twenty-five cents charge on check he says nothing about. Most of these statements, as before said, Townsend denied as a witness before the jury.

A writ of error and *supersedeas* was granted the plaintiff, Smith, to this judgment of the county court rendered September 19, 1879, and on the 20th of November, 1879, it was reversed and annulled by the circuit court of Pleasants, and a new trial awarded, and the case retained in said circuit court for trial. From this judgment of the circuit court a writ of error and *supersedeas* has been awarded on the petition of the defendant, Townsend.

*John A. Hutchinson* for plaintiff in error cited the following authorities: 12 W. Va. 20; *Bowyer* v. *Chestnut*, 4 Leigh; 6 Leigh 135; 7 Leigh 608; 9 Leigh 30; 16 W. Va. 784, 785; 3 W. Va. 29; *Id.* 386.

*Henry M. Russell* for defendant in error cited the following authorities: 4 W. Va. 134; 8 Gratt. 557; 8 W. Va. 452; 16 W. Va. 651.

GREEN, JUDGE, announced the opinion of the Court:

The question involved in this case is: Ought the circuit court of Pleasants on the writ of error from the county court of Pleasants to have reversed the judgment of the county court and set aside the verdict of the jury and

awarded a new trial? It is claimed by the cousel for Townsend, that it could not do so properly, because the county court had certified neither the facts proven nor all the evidence in the case, which was before the jury. If this be so, of course the circuit court ought not to have reversed the the judgment of the county court, as it had no means of determining, whether it was right or wrong. What the record of the county court does show is simply this memorandum: "Be it remembered, that on the trial of this case the plaintiff excepted to the opinion of the court and tendered in open court his bills of exceptions marked No. 1 and No. 2 in words and figures following, to-wit: ʻBe it rememberedʼ &c., and asks, that the same may be signed, sealed and saved to him and made a part of the record in this case, which is accordingly done." This made formally everything in these bills of exceptions marked No. 1 and No. 2 parts of the record as effectually as if all, which appeared in them, had been spread out at length on the record-book.

Bill of exceptions No. 1 referred to does not state any of the evidence, which was submitted to the jury except a statement about a single point made by a witness, which the plaintiff objected to as illegal testimony. Of course on this fraction of testimony no new trial could have been properly awarded by the circuit court.

Bill of exceptions No. 2 referred to on the record-book of the county court and made also a part of the record, as much so as if everything on its face had been set out at length on the record, states the plaintiff's motion for a new trial, because the verdict was contrary to the evidence, and the overruling of the same and the entry by the court of the judgment on the verdict; and it then proceeds: "To which ruling of the court the plaintiff excepts and tenders this his bill of exceptions No. 2 and asks, that the same be signed, sealed and saved to him and made a part of the record in this case, which is accordingly here done." Then follows the signatures of the members of the court and immediately thereafter these words, "and the substance of the evidence below, as follows." Then follows all the evidence submitted to the jury in detail, and without any further conclusion here is appended again at the end the signatures of the three
t

members of the court.   If this "substance of the evidence"
can be regarded as incorporated in and constituting a part of
bill of exceptions No. 2, then this evidence is properly a part
of the record, otherwise, not.  See *Ramsberg, Koogle & Co. v.
Erb*, 16 W. Va. 784, 785.  If the first set of signatures of the
members of the court had not been attached, but only the
signatures at the end of the substance of the evidence, there
could be no doubt, that this substance of the evidence ought
to be regarded as a part of bill of exceptions No. 2.   If the
part immediately following this first set of signatures be read
in connection with that preceding them we can not avoid
the impression, that they were intended to be continuously
read thus :   "To which ruling of the court the plaintiff ex-
cepts and tenders this his bill of exceptions No. 2 and asks,
that the same be signed, sealed and saved to him and made
a part of the record in this case, which is accordingly here
done, and the substance of the evidence below, as follows :"
(Stating it in detail and the signatures of the members of the
court thereto.)   This would be a rather awkward mode of
setting out the matter yet while it may not be very probable,
yet so far as the record before us shows the paper might
have been originally drawn in this form and signed; and
then the signatures of the members of the court may have
been also appended at the end of the statement of the sub-
stance of the evidence simply for identification.   From the
manner in which this statement of facts begins it looks as
though it was all intended as an interlineation in the sec-
ond bill of exceptions to be inserted above the signatures
and seals of the members of the court, perhaps just before
the words "which is accordingly here done."

What was the fact in this respect could only be ascertained
by an inspection by this Court of the original papers.   As in
the view we take of this case the decisions of this Court will
be unchanged by our regarding this substance of the evidence
as a part of the record, we have concluded to do so, though
had it, if so regarded as a part of the record, effected any
rights, he should have been compelled to have the original
papers brought up for our inspection, so that we might deter-
mine, whether this statement of this substance of the evidence
did or did not in point of fact constitute a part of bill of

exceptions No. 2; for if it did not, it is no part of the record.

When we read this paper, we find, that there were but two witnesses examined before the jury, one the plaintiff and the other the defendant; that the defendant testified before the jury in substance, that he paid over to Smith all the moneys he had collected for him after deducting twenty-five dollars a fee in a chancery suit, which Smith owed to him, and nine dollars and twenty cents costs, which he had paid on the quashing by the court of a forthcoming bond, and for which costs therein there was a judgment against Smith, and retaining further his commission agreed on for the collection; that these sums were retained with the knowledge and consent of Smith, who examined the statement that the defendant had made out showing these retentions for these purposes; and that he said it was all right, and then executed to him, the defendant, a receipt in full for the claim.

If this testimony of Townsend was believed by the jury, they could not possibly have done otherwise than render a verdict for the defendant, as they did. But the plaintiff positively contradicted many of the statements of the defendant. However, according to the well settled rule of every appellate court such evidence of the exceptor contradicting the adverse party must be rejected, as the jury appeared by their verdict to have given full credence to the statements of the defendant on his examination. See *Sanaker* v. *Cushwa*, 3 W. Va. 29. This being obviously the conclusion, which must be reached, if the real merits of this controversy were before the jury on this trial, the counsel of the defendant in error insists, that such was not the case upon the pleadings, which it is argued consisted of two pleas: one a plea of payment supplemented by no account of payment; and a nondescript called a plea of accord and satisfaction. The counsel of the defendant in error insists, that the general issues were not pleaded; and that under this state of pleadings the indebtedness of the defendant to the plaintiff was not in issue, and it was only necessary for the plaintiff to indicate the amount *prima facie*. The burden of proof, it is insisted, was, under the pleadings, on the defendant; and this could not under the pleadings be met, because he had no right to prove "indefi-

nite, partial and specific payments," because he had filed no account of such payments with his plea of payments. And the same may be said of his fee and of the costs paid by him for the plaintiff. They are set out in no bill of particulars and therefore, it is deemed, could not be proven.

This is the ground, on which the defendant in error is forced to rest his case. But there is really nothing whatever in it. The record-books of the county court has on it this entry: "And thereupon the defendant for plea says, he does not owe and has well and truly paid the debt in the plaintiff's declaration mentioned and filed a plea in writing of accord and satisfaction, to which several pleas the plaintiff replied generally and issue was thereupon joined." This shows the true state of the pleadings. It is true, this plea of "*nil debet*" might have been demurred to; and the demurrer must have been sustained. For it was obviously no proper plea in *assumpsit*. But the plaintiff did not do so, but chose to join issue upon it; and this was one of the issues before the jury. After the rendition of the verdict this Court by reason of our statute of jeofails would regard the issue tried, precisely as if the proper rather than an improper general issue had been made up. We will therefore review this case, just as if an issue had been made up on a plea of *non assumpsit*. In *Hunnicut et als.* v. *Carsley*, 1 H. & M. 153, in an action of covenant the plea was "not guilty," on which issue was joined, and a verdict and judgment were rendered for the plaintiff. It was treated by the appellate court, as if the plea had been the proper plea to raise the general issue; and the judgment was affirmed. And the same view substantially was taken by this Court in the case of *The State use of Crumbacker* v. *Seabright*, 15 W. Va. 595. See the numerous authorities there cited. The burden then of his establishing his case was on the plaintiff in the trial before the jury.

With regard to the failure of the defendant to file with his plea of payment any bill of particulars it is clear, that under chapter 120 § 4 of the Code of W. Va. p. 609 the plaintiff could at the trial have objected to the admission of any proof of any specific partial payment, as the admission of such evidence would be a surprise to the plaintiff. But if the plaintiff knows exactly what specific partial payments are

claimed, and he chooses, as he did in this case, to permit them to be proven, though no bill of particulars has been filed, he has a right so to do, and he thereby waives all objections to their being considered by the jury, just as though a bill of particulars had been filed. All of the items of credit set out in the statement furnished by Townsend to Smith became payments, when Smith agreed, that they should be so regarded, as Townsend testified he did. This was contradicted by Smith. But the jury appear to have believed Townsend's statement. Then by the conduct of the plaintiff at this trial this cause was tried upon its full merits, as if all the pleadings had been regular; and this being the case, a mere glance at the evidence must satisfy any one, that the verdict of the jury could not be set aside as either contrary to the evidence or against its weight.

It remains only to consider, whether the county court erred in the matter stated in the first bill of exceptions. Did it err in permitting the defendant to testify, that he understood, that Gorrell was to be allowed interest on the sixty-four dollars and thirty-eight cents, as of the date of Gorrell's note to Smith, and that he had in settling with Gorrell, &c., allowed him interest from that date? This testimony, it was claimed by the plaintiff, was parol testimony introduced to contradict the written agreement, which showed when this sixty-four dollars and thirty-eight cents was to be credited. Now really this written agreement, as it is presented to us, seems to me not to indicate when this sixty-four dollars and thirty-eight cents was to be credited to Gorrell. Smith by the agreement simply agreed to give Gorrell credit for sixty-four dollars and thirty-eight cents "the amount of said Gorrell's *offsets* as filed by him against Smith." This meant to credit these offsets at the amount and date, as they were shown in the exhibit filed in the chancery suit. As we have not this before us, we cannot say of what date this sixty-four dollars and thirty-eight cents should have been credited. Nor can we say, that Townsend in any way contradicted this paper, when he said it was understood, that Gorrell was to be credited with this sum sixty-four dollars and thirty-eight cents as of the date of the note of Gorrell, that is, as of May 27, 1872. But it is entirely immaterial in this suit,

whether by this agreement this sum was to have been credited as of a much later date or not; for this suit was not brought to hold Townsend responsible for his *failure* to collect of Gorrell as much as he ought to have collected, but to compel him to pay a balance claimed to be .due on the amount, which he had *actually* collected of Gorrell. Now Townsend testified, that he did not collect this sixty-four dollars and thirty-eight cents nor the interest on that amount after the date of Gorrell's note, May 27, 1872, but that he credited the debt due to Smith with this sixty-four dollars and thirty-eight cents as of May 27, 1872. In this suit it is totally immaterial, whether this was in accordance with the agreement of parties or not. And therefore this statement of Townsend to the jury, that it was according to his understanding of the agreement of the parties, could by no possibility have influenced the jury in their verdict to the prejudice of the plaintiff; and it can therefore constitute no ground for setting aside this verdict.

Our conclusion therefore is, that the circuit court of Pleasants county erred in reversing the judgment of the county court in setting aside the verdict of the jury and in awarding a new trial; and this judgment of the circuit court of Pleasants, rendered November 20, 1879, must be set aside, reversed and annulled; and the plaintiff in error, J. B. Townsend, recover of the defendant in error, C. P. Smith, his costs in this Court expended; and this Court proceeding to render such judgment, as the circuit court of Pleasants should have rendered, doth approve and affirm the judgment of the county court of Pleasants rendered on September 19, 1879, and doth order, that the defendant in error in said circuit court of Pleasants, J. B. Townsend, do recover of the plaintiff in error in said circuit court, C. P. Smith, his costs in the said circuit court expended.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.