## CHARLESTON.

WILLIAMS v. EWART.

Submitted January 23, 1887.—Decided April 2, 1887.

(*Snyder, Judge, absent.)

1. NEW TRIAL—VERDICT—JUDGMENT.

There are no exceptions to the law, that not more than two new

---

*Of counsel below.

trials shall be granted to the same party in the same case. But, if on the face of the record it appears, that a verdict is void, and that no judgment can at common-law be entered upon it, as for instance because too uncertain, ambiguous or defective, the court may declare such verdict void and direct a new trial without reference to the number of new trials, which may have been granted to the same party in the same case. (p. 666.)

2. RECORD—AMENDED DECLARATION.

An amended declaration in an action of ejectment, whereby a new party plaintiff is introduced, is copied into the record by the clerk, but no order of the court had been entered permitting it to be filed, nor any order in any manner recognizing it as filed. Such amended declaration is no part of the record, though it was placed among the papers of the case in the court below and endorsed by the clerk as filed on a particular day. (p. 666.)

3. VERDICT—IMPERFECTIONS OF—JUDGMENT.

If in an action of ejectment there be but one plaintiff in any of the counts, and on the plea of not guilty the jury find such a verdict as the following :—"We the jury find the issue for the *plaintiffs*, and we find the *plaintiffs* have title in fee to the lands in the declaration mentioned" (describing them) "and we find one cent damages for the *plaintiff*." The verdict is not so imperfect as to make it improper for the court to enter up judgment on it for the plaintiff, as the word *plaintiff* in the verdict must be interpreted as referring to the only plaintiff in the case. (p. 669.)

4. VERDICT—IMPERFECTIONS.

Nor will such verdict in its legal signification be varied by the fact, that the evidence before the jury has been made a part of the record by being incorporated in a bill of exceptions, and it shows, that if the plaintiff was entitled to recover the land, as the jury found, he was clearly entitled to recover but one undivided moiety thereof, a stranger being entitled to the other moiety, nor by the fact that the title of the case at the head of the bill of exceptions shows two plaintiffs, one only being named. (p. 671.)

Statement of the case by GREEN, JUDGE :

This was an action of ejectment brought by John S. Williams against John S. Ewart in the Circuit Court of Randolph county, November 2d, 1870. A declaration was filed at December rules, 1870, which was subsequently amended by leave of the court; and to both declaration and amended declaration the defendant pleaded—"Not guilty ;"—and issues were found ; and an order of survey was made and executed ; and the defendant filed a disclaimer of title to a por-

tion of the land. The jury tried the case on November 7th, 1879, and found the following verdict:—

"We, the jury, find for the plaintiff, that he recover from the defendant that part of the land described in the declaration and set out in the deed from John Beckley, recorder, to the plaintiff dated 12th day of July, 1872, and bounded as follows:—Beginning at two white oaks about 100 poles from Glade Creek; thence S. 80° W. 175 poles to pointers; thence S. 14° E. 262 poles to pointers; thence N. 80° E. 125 poles to two white oaks; thence N. 4¼° W. 270 poles to the beginning. And we further find, that the plaintiff has a fee simple title to the said land. And also find one cent damages for the plaintiff."

The defendant moved the court to set aside this verdict and grant him a new trial, which motion the court at its next term sustained, set aside the verdict and awarded a new trial on the payment by the defendant of the costs of the last trial. Subsequently the court ordered the transfer of the case to Fayette county, and about a year afterwards, on the 19th day of September, 1881, it was again tried by a jury, who being unable to agree were discharged by consent of parties. Among the papers there is a second amended declaration marked as filed September 20, 1882, which was while the jury was considering the case, and a disclaimer of a portion of the land dated September 22, 1882; but no notice is taken anywhere in the record of these two papers. So far as the record shows, no leave was given by the court to file this second amended declaration and no plea to it of—"Not guilty"—was filed nor issue joined upon it, as was done, when the first amended declaration was filed. This last amended declaration corresponded with the second count in the original and first amended declarations, the land claimed being the same and being claimed in fee simple. It differed from the original and first amended declarations in this only, that the plaintiffs in the last amended declaration were John L. Williams and Austin H. Williams. Thereafter the case was entered on the order-book as *J. L. Williams* v. *J. S. Ewart,* just as it had been previous to September 20, 1882.

There was another trial about a year afterwards, when by

consent of parties the jury was discharged, because they could not agree on a verdict. The case continued to be entered on the order-book, as it had been from its inception, *J. L. Williams* v. *J. S. Ewart.* In no single instance was any order entered in the case under the title of *J. L. and A. H. Williams* v. *John S. Ewart,* which is the style of the suit endorsed on the second amended declaration. I copy below all the orders in the case, which tend to throw any light on the question, whether it was a suit by one plaintiff, J. L. Williams, or by two, J. L. Williams and A. H. Williams. On February 28, 1883, the following entry was made :—

"J. L. WILLIAMS *v.* J. S. EWART.

"This day the Court overruled the bill of exceptions taken by plaintiff to the deposition of Alfred Beckley, Sr., taken on the 24th day of February, 1883, and the plaintiff excepted, and his bill of exceptions is made part of this record."

On the same day another order was entered in the following words :—

"J. L. WILLIAMS *v.* J. S. EWART.

"The foregoing case is continued at the plaintiff's costs."

On May 23, 1883, the following order was entered in the said order-book :—

"J. L. WILLIAMS *v.* J. S. EWART.

"This day came again the parties by their attorneys, and the jury empanelled in this cause on yesterday returned into court and after hearing the evidence and arguments of counsel were sent to their room to consider their verdict, and after a while returned into court a verdict in the following words and figures, to wit :—'We the jury find the issue for the *plaintiffs,* and we find, that the plaintiffs have title in fee to the land described on the map of William Turner, surveyor, filed in this cause and described in the figure in purple lines beginning at B.; thence to 2; thence to 3; thence 4; and thence to B. the beginning, containing 562 acres, and we find one cent in damages.'—And thereupon the defendant by counsel moved the court to set aside the verdict of the jury and grant him a new trial, and time is taken to consider thereof."

This new trial was awarded upon condition, that the defendant pay all the plaintiff's costs within thirty days.

On May 20, 1883, the following order was entered in said order-book :—

" J. L. WILLIAMS v. J. S. EWART.

" On motion of the plaintiff it is ordered William Turner make a survey, &c."

On the 17th of September, 1883, the following order was entered :—

" J. L. WILLIAMS v. J. S. EWART.

" On motion of plaintiff this case is continued at his costs."

On the 2d and 3d of September, 1884, the case was again tried and the following entry was made on the last day : —

"J. L. WILLIAMS v. J. S. EWART.

" This day came again the parties by their attorneys, and the jury returned into court pursuant to adjournment and after hearing the arguments of counsel completed retired to their room to consider of their verdict, and after a time returned into court a verdict in the following words and figures :—' We, the jury, find the issue for the plaintiffs, and we find, that the plaintiffs have title in fee to the lands described in the map of William Turner, surveyor, filed in this cause and described by the figure in purple lines; thence to 2; thence to 3; thence to B., the beginning, and we find one cent in damages for the plaintiff."

Upon this verdict the court rendered a judgment for the plaintiff as follows:

"J. L. WILLIAMS v. J. S. EWART.

"This day came again the parties, by their att'ys, and the defendant, by his attorneys, moved the court to set aside the verdict of the jury rendered in this cause at this term and grant him a new trial of the cause, and the motion was argued, and the court having considered thereof and being sufficiently advised, doth overrule said motion, and refuse to grant said new trial.   Therefore it is considered by the court that the plaintiffs do recover against the defendant the land described in said verdict and found for the plaintiffs by the verdict aforesaid and their costs by them about their suit aforesaid in this behalf ex-

pended; whereupon the plaintiffs pray a writ to the sheriff of Raleigh county to cause them to have possession of said land recovered by them as aforesaid, returnable, &c.; to the action of the court in refusing to grant said new trial, the defendant excepted; and *their* bill of exceptions was signed, sealed and made a part of the record; and upon motion of defendant, the judgment herein rendered is suspended for ninety days to enable the defendant to apply for an appeal, upon the defendant entering into bond in the penalty of $100.00, with security, conditioned to pay plaintiffs all damages that may accrue to them by reason of such suspension of said judgment."

The bill of exceptions referred to in this verdict sets forth all the evidence in the cause offered to the jury; but I deem it unnecessary to state it. The bill of exceptions was headed "*J. L. Williams v. J. S. Ewart;*" but except in one instance it speaks of the "*plaintiffs,*" or that "*they* introduced evidence." In one instance it speaks of the "*plaintiff* proving,*" and in another of the plaintiff's claim to the land. A. H. Williams's name appears only in the evidence introduced by the defendant, a portion of which was the record of an action of unlawful detainer brought for this land by John S. Ewart against John L. Williams and Austin Williams, in which the plaintiff recovered the possession on an appeal to the Circuit Court. That case was docketed "*John S. Ewart v. John L. Williams,*" and was tried by a jury and a verdict rendered for the plaintiff, and a writ of possession was awarded the plaintiff. But the writ of possession issued by the clerk states that the recovery was against John L. Williams and Austin Williams.

From the judgment of the Circuit Court of Fayette county, rendered September 4, 1884, John S. Ewart has obtained a writ of error and *supersedeas*.

*Dennis & Dennis* for plaintiff in error.

*J. W. Davis* for defendant in error.

GREEN, JUDGE :

This was an action of ejectment brought on November 2, 1870, by John L. Williams against John S. Ewart to recover

a tract of land in Raleigh county. There have already been four trials of the case. In the first of these trials on the the issue regularly made up on the plea of "not guilty"—the jury found for the plaintiff the land described in the declaration giving its metes and bounds, and that he had a fee simple title to the land, and gave him one cent damages. The defendant moved for a new trial, which the court granted upon the payment of the costs by him. This verdict was rendered November 7, 1879. At the September term of the Circuit Court of said Fayette county, to which the case had been removed, it was again tried and the jury being unable to agree were by the court discharged with the consent of the parties. On May 23, 1883, the case was again tried by a jury, who rendered the following verdict :—

"We, the jury, find the issues for the plaintiffs, and we find, that the plaintiffs have title in fee to the land described on the map of William Turner, surveyor, filed in this cause and described in the figure in purple lines beginning at B, thence to 2, thence to B, thence to 4, and thence to B, the beginning, containing 562 acres, and we find one cent damages."

The defendant asked a new trial, which the court granted on his paying the plaintiff's costs in thirty days. The case was tried a fourth time at the September term, 1884, of the same court and the jury found the following verdict :—

"We, the jury, find the issues for the plaintiffs, and we find, that the plaintiffs have title in fee to the lands described in the map of William Turner, surveyor, filed in this cause and described by the figure in purple lines beginning at B, thence to 2, thence to 3, thence to 4, thence to B, the beginning; and we find one cent damages for the plaintiff."

On this verdict the court rendered a judgment overruling the motion of the defendant for another new trial and giving judgment for the plaintiff for the land described in the verdict and for costs. The defendant excepted to the refusal of the court to grant him a new trial; and his bill of exceptions sets forth all the evidence before the jury.

The first inquiry is: Can we consider as a part of the record an amended declaration found among the papers of

84

the cause indorsed: "*J. L. and A. H. Williams v. John. S. Ewart*—Amended Declaration—Filed Sept. 20th, 1882," which has been copied into the record; but the filing of which is in no manner referred to in any order in the cause? The existence of this amended declaration would not in any way appear from the record-book. Such a fugitive paper, although endorsed as "Filed," is according to numerous cases decided by this Court no part of the record. (*Smith* v. *Townsend*, 21 W. Va. 486, pt. 3 of Syll.; *Handy* v. *Scott*, 26 W. Va. 710, pt 2 of Syll.; *Park* v. *Petroleum Co.,* 25 W. Va. 100, pt. 1 of Syll.; *Hilleary* v. *Thompson*, 11 W. Va. 113, pt. 4 of Syll.) The plaintiff in error is mistaken in alleging that no issue has been made upon the amended declarations; as the only party plaintiff to this suit by the record was John L. Williams, who regularly filed a declaration and amended declaration, to each of which the only defendant pleaded "Not guilty"—and the *similiter* was regularly put into each of these pleas, as the record shows, and the issues were formally made up and tried. It is true, there was no plea put in to this fugitive paper; nor could there be; for it was no part of the record, and was never filed. Of course there was no issue on this so-called amended declaration.

The plaintiff in error can not complain, that the court below refused to grant him a new trial and entered up judgment in accord with the last verdict. The court had no power to grant him a new trial, having already granted him two, the Code expressly providing (chap. 131, § 15):—"Not more than two new trials shall be granted to the same party in the same cause." To this law there are no exceptions, not even when the last verdict was necessitated by the misdirection or mistake of the court. (*Watterson* v. *Moore*, 23 W. Va. 404.) In the present case the court gave instructions for both parties, and neither excepted to the instructions. The only exception taken was by the defendant to the refusal of the court to set aside the verdict and grant him a new trial, and upon the ground only that the verdict was contrary to the law and the evidence, both parties conceding, that the court had correctly laid down the law in its instructions to the jury. The counsel for the plaintiff in error

endeavor to avoid the operation and effect of this statute as construed by this Court by the following argument:

"Said provisions of the Code, chap. 131, § 15, can only have reference to trials, in which the proceedings have been formal and legal, and where a judgment has been rendered in accordance with the forms of law. It would seem a forced and unreasonable construction of said provisions to apply them to trials, the result of which are nullities, as in this case. A verdict obtained in a trial, where no issue has been joined, is according to the doctrine announced in *Brown* v. *Cunningham*, 23 W. Va. 109, a mere nullity. In other words there has in law been no trial at all; and thus the defendant is not cut off from making his application for another trial."

The instance suggested by the counsel for the plaintiff in error is not an instance, where there should be an exception made to the universality of the rule: "Not more than two new trials shall be granted to the same party in the same cause." If a verdict of jury be rendered in a cause, in which no issue has been joined, there should of course be no judgment rendered; no matter how many previous verdicts of like character have been rendered. But the proper motion to be made, in order to have the case properly tried, is not a motion for a new trial, but a motion for a *venire facias de novo*. Upon the difference between these two motions Prof. Minor in his "Institutes" says:

"A writ of *venire facias*, it will be remembered, is a writ, by which a jury is summoned to try an issue, and therefore a writ of *venire facias de novo* is merely a new writ to summon a new jury. It is awarded, when by reason of some irregularity or defect in the proceeding on the first *venire* or at the trial the proper effect of that writ has been frustrated, or the verdict has become void in law; as for example, when the jury has been improperly chosen or has given an uncertain or ambigouous or defective verdict. The consequence and object of a new *venire* are of course to obtain a new trial. The most essential difference between them is, that the *venire de novo* is never granted except for causes *appearing on the* record; while a new trial is obtained for extrinsic reasons not appearing on the record. Another im-

portant diversity is, that a *venire de novo* is an ancient process of the common-law, and the propriety of granting it is to be determined upon principles of law allowing no *discretion* to the court; a new trial on the other hand is comparatively a modern practice, a substitute for the old writ of *attaint*, whereby, as we have seen, the equitable discretion and interpretation of the court are invoked in order to prevent the verdict from occasioning a *palpable injustice*, and is emphatically subject to the discretion of the court. (2 Tidd's Prac. 922; *Witham* v. *Earl of Derby*, 1 Wils. 551; *Kinney* v. *Beverly*, 2 H. and M. 318.) A *venire de novo* can occur with us in these three cases, namely: (1.) When it appears from the record, that the jury has been improperly selected or returned, or that a challenge has been improperly disallowed (2 Tidd's Prac. 922; *Parsons* v. *Harper*, 16 Gratt. 79), supposing the objection to have been made, before the jury was sworn, or the party applying for relief was injured by the irregularity. (2.) When the verdict is upon its face so *imperfect*, that the merits of the cause are not disclosed and no judgment can be given upon it ( *Witham* v. *Earl of Derby*, 1 Wils. 55; *Brown* v. *Ferguson*, 4 Leigh 37). (3.) When it appears, that the jury ought to have found *other facts differently.* ( *Witham* v. *Earl of Derby*, 1 Wils. 56; *Rogers* v. *Chandler*, 3 Munf. 65; *Eppes* v. *Smith*, 4 Munf. 467; *Gardner* v. *Vidal*, 6 Rand. 106)."

A *venire facias de novo* rarely originates except from a *special verdict;* yet such a case may occur, although the verdict be general; as when there are two or more *issues of fact* and the verdict responds to but one of them or to less than all. (*Hile* v. *Wilson*, 2 H. & M. 268; 4 Min. Inst., part 1, pp. 859, 861.) Again, a new trial can never be granted by an appellate court for the first time, but a *venire facias de novo* may be awarded in the appellate court, though no motion was made for such a writ in the court below; for it is always based on the ground, that the record shows, that the verdict was a *nullity.* (*Danks* v. *Rodeheaver*, 26 W. Va. 274; *Brown* v. *Cunningham*, 23 W. Va. 109.)

The only question therefore to be decided in this case is :— Does the record on its face show such a case, as upon principles of law the verdict, on which the judgment for the

plaintiff was rendered, must be regarded as void in law? If so, this court should award a *venire facias de novo*, or, what is the same, declare such verdict void and order a new trial. It is only on the second of the above grounds, that it is claimed or can be contended, that such *venire facias de novo* can be awarded, that is, the verdict on its face is so *imperfect*, that the merits of the cause are not disclosed, and so no judgment should have been rendered upon it, but a new trial should have been directed by the court below. The only imperfection, which, it is claimed, exists in this verdict is, that the jury "find the issues for the *plaintiffs* * * and find that the *plaintiffs* have title in fee simple to the lands" described in the verdict and that "they find one cent damages for the plaintiff." Does this defect render the verdict so uncertain, ambiguous or defective as to make it void and render it improper for the court below to enter any judgment upon it? To justify the court in refusing to enter a judgment on a verdict, it must be not only erroneous, but the error must be such, as could not be corrected by a reference to the declaration. Thus, when the jury found "for the plaintiff the slaves in the declaration mentioned" and proceeded to state their names but recited the name of one of them erroneously, it was held, that this was not a fatal error, as it could be corrected by reference to the declaration. (*Boatright* v. *Meggs*, 4 Munf. 145.) So, if in an action of ejectment the jury find for the plaintiff the land in the declaration mentioned, if the declaration sufficiently describes the land to enable the officer to deliver possession, a judgment may properly be rendered on such a verdict. It is not void for uncertainty—But, if the declaration had described the land so vaguely, that the officer could not deliver possession, the verdict would be void for uncertainty, and the court should not enter up a judgment on it but award a *venire facias de novo*. (*Korner* v. *Rankin*, 11 Gratt. 420.)

Applying these principles, this verdict can not be regarded as void for uncertainty. On its face it was a verdict for the plaintiffs for specified land, and that the plaintiffs have title in fee to the land. Of course we must look to the declaration to ascertain who the jury meant by the *plaintiffs*. When we do this, whether we look to the origi-

nal or amended declaration, we find, that there was but one plaintiff, John L. Williams; and to him and him alone the jury must have referred. And there is no ambiguity in their verdict caused by their finding one cent damages for the plaintiffs. As there is but one plaintiff no ambiguity results from the use by the jury of the two words " plaintiffs " and " plaintiff " indifferently to designate the same person. In this case the imperfection, such as it is, of this verdict as well as of the one rendered about a year before, which the court set aside, because contrary to the evidence, must upon the face of the record be held as a mere clerical misprision; and such an irregularity will never vitiate a verdict. For an instance, when the general issue was pleaded to an action of assumpsit, and the verdict was not, as it should have been, that the defendants did assume upon themselves, but " that the defendants *have not paid* the debt in the declaration mentioned, and the jury assessed the plaintiff's damages by occasion of the non-performance of that assumption to" a specific sum,—it was objected, that the gist of the issue was still undetermined; for the defendants might not have *paid* the debt, and yet they might never have assumed to pay it. But the court held, that the damages being for the non-performance of the assumption, the error was plainly clerical and therefore did not vitiate the verdict. (*Barnett* v. *Watson*, 1 Wash. 372).

A case occurred in Alabama, where the court held, that the form of the verdict was a clerical error, and the word "defendant" used in it must be regarded as intended for "defendants," there being two defendants; and, if only one was meant, the verdict was necessarily void, as, which of the two was meant, was not stated, and no judgment could be rendered. The point decided was :—" Two persons were joined as defendants; who pleaded the *general issue* in an action of *assumpsit*, and thereupon a verdict was rendered as follows :—' We, the jury, find the issue in favor of the defendant, '—and it was held the reasonable intendment, that *defendant* was unintentionally used for *defendants*, and the verdict was held decisive of the case." The court say : " We must in this case intend, that the verdict and judgment upon it were unintentionally in the singular number; that

the *defendant* was used for *defendants*. Such in effect has heretofore been the decision of this Court. The judgment of the Circuit Court must be affirmed. " This is a more remarkable instance of imperfection in verdict and judgment than the case before us. Yet the imperfection was regarded as a mere clerical error and immaterial.

There is a case decided by our Court, which indicates, to what degree the verdict of a jury may be *imperfect* and yet the court properly enter up judgment on it. In *Myers* v. *Ford* the verdict of the jury was—"We, the jury, find for the plaintiff the following land in fee simple, to wit,"—then followed a minute description of the land. The court held this verdict sufficient, though the proper form in such case was— "We, the jury, find for the plaintiff the following land" (describing it), "and we further find, that the plaintiff has a fee simple estate in said land." (*Paul* v. *Smiley*, 4 Munf. 468; *Hawley* v. *Twyman*, 24 Gratt. 516.)

It might be objected to the verdict in the case before us, that, as a new trial was asked, and a bill of exceptions taken to the refusal of the court to grant it, and this was noted upon the record and thus made a part thereof, and in the bill of exceptions all the evidence was set and so became a part of the record, we may look to this evidence to determine the meaning of the verdict. When we do this, we find, that it was proven, that if the plaintiff, John L. Williams, had any interest in the land in controversy, one Austin Williams owned the land in common with him, and therefore, when it was found by the jury, that the *plaintiffs* owned the lands, we must interpret the verdict to find the land for John L. Williams and Austin Williams. It is a complete answer to this position to say, that, where in a verdict or judgment the word "plaintiff" or "plaintiffs" appear, who is meant thereby, must necessarily be determined by the pleadings, the office of which is to designate the parties to the suit, and that we can not look to the evidence, though it be a part of the record, to determine, who are plaintiffs in a case. Under the 26th section of chapter 90 of the Code (p. 521) it was the duty of the jury in this case, if they found a verdict for the plaintiff, to find for him an undivided moiety of the land; and it is possible, that, if two new trials had not

already been awarded the defendant, their failure to specify such undivided share or interest in the premises might have justified the court in awarding a new trial, on the ground that the verdict was contrary to the evidence. But this is questionable, as it is difficult to see, how the defendant is prejudiced by the failure of the jury to specify, what undivided interest the plaintiff owned, though the statute requires them to specify it in their verdict. Be this, as it may, such failure is not any ground for a *venire facias de novo*.

Again it may be said, that the title of the case prefixed to the bill of exceptions is *John L. Williams et al.* v. *John S. Ewart*. This, if it has any effect, and it seems to me to have none, can only have the effect to show, that this bill of exceptions was no part of the record but was filed in some other case. Though I have no doubt, if the suggestion had been made, and it had been at all important, we would have issued a writ of *certiorari* to the clerk of the court below to ascertain, whether there was an ejectment suit pending in the court styled *John L. Williams et al.* v. *John S. Ewart*, yet the real parties to this are conclusively shown not only by the pleadings but also by no less than twenty five entries of orders in the case, which are copied in the record, and in every one of which the case is styled—"*John L. Williams* v. *John S. Ewart*."

For these reasons I am of opinion, that the judgment of the Circuit Court of September 4, 1884, must be affirmed; and that the defendant in error must recover of the plaintiff in error his costs in this Court expended and thirty dollars damages.

AFFIRMED.